NUMBER 13-02-626-CR
                                        NUMBER 13-02-728-CR

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI - EDINBURG 
                                                                                                                      

BRANDON ROBERT GRAHAM,
                                                                                                     Appellant,

v.
 
THE STATE OF TEXAS, 
                                                                                                     Appellee.
                                                                                                                                      

On appeal from the 156th District Court of Live Oak County, Texas.
                                                                                                                      

MEMORANDUM OPINION

Before Chief Justice Valdez and Justices Rodriguez and Garza
Opinion by Justice Garza
 
          Appellant, Brandon Robert Graham, was charged with indecency with a child (cause
number L-01-0039)


 and sexual assault (cause number L-01-0043).


 Appellant pled guilty
to both charges pursuant to a plea agreement. The trial court deferred adjudication of guilt
and placed appellant on community supervision for ten years. Approximately six months
later, the State filed a motion to revoke community supervision, alleging that appellant had
violated the conditions of his community supervision by not honoring his curfew on two
occasions and by entering a bar. Appellant pled not true to these violations. The trial court
found that the alleged violations had occurred, revoked appellant’s community supervision,
adjudicated appellant guilty of both charges, and sentenced him to eight years
imprisonment for indecency with a child and sixteen years imprisonment for sexual assault. 
          Appellant’s court-appointed counsel has filed a brief in which he concludes that
appellant has no non-frivolous grounds for appeal. See Anders v. California, 386 U.S. 738,
744 (1967). Counsel certifies that: (1) he diligently reviewed the complete record and
researched the law applicable to the facts and issues contained therein; (2) in his
professional evaluation, he was unable to find any error which would arguably require a
reversal of the trial court’s order revoking community supervision; (3) in his opinion, the
appeal is without merit and frivolous; (4) he served a copy of this brief on appellant; and
(5) he informed appellant of his right to examine the entire appellate record and file a pro
se brief on his own behalf. See id.; see also Stafford v. State, 813 S.W.2d 503, 509-10
(Tex. Crim. App. 1991); High v. State, 573 S.W.2d 807, 812-13 (Tex. Crim. App. 1978). 
More than thirty days have passed, and appellant has not filed a pro se brief. See Anders,
386 U.S. at 744.
          An Anders brief must provide references to both legal precedent and pages in the
record to demonstrate why there are no arguable grounds to be advanced. High, 573
S.W.2d at 812. Although counsel’s brief does not advance any arguable grounds of error,
it does present a professional evaluation of the record demonstrating why there are no
arguable grounds to be advanced. Currie v. State, 516 S.W.2d 684, 684 (Tex. Crim. App.
1974); see High, 573 S.W.2d at 812. We conclude counsel’s brief meets the requirements
of Anders. Anders, 386 U.S. at 744; see High, 573 S.W.2d at 812.
          Upon receiving a “frivolous appeal” brief, appellate courts must conduct a full
examination of all the proceedings to decide whether the case is wholly frivolous. Penson
v. Ohio, 488 U.S. 75, 80 (1988); see Ybarra v. State, 93 S.W.3d 922, 926 (Tex.
App.–Corpus Christi 2002, no pet.). An appellant whose deferred adjudication probation
has been revoked and who has been adjudicated guilty of the original charge may not raise
on appeal contentions of error in the adjudication-of-guilt process. Connolly v. State, 983
S.W.2d 738, 741 (Tex. Crim. App. 1999); see Tex. Code Crim. Proc. Ann. art. 42.12 § 5(b)
(Vernon Supp. 2004) (stating that no appeal may be taken from an adjudication decision);
Manuel v. State, 994 S.W.2d 658, 661-62 (Tex. Crim. App. 1999) (“[A] defendant placed
on deferred adjudication community supervision may raise issues relating to the original
plea proceeding, such as evidentiary sufficiency, only in appeals taken when deferred
adjudication community supervision is first imposed.”). However, the defendant may
appeal from a judgment adjudicating guilt when the issues raised by the appeal relate not
to the adjudication decision but to the punishment phase. See Tex. Code Crim. Proc.
Ann. art. 42.12 § 5(b). 
          We review a sentence imposed by the trial court for abuse of discretion. Jackson
v. State, 680 S.W.2d 809, 814 (Tex. Crim. App. 1984). A sentence that is within the proper
range of punishment will not be disturbed on appeal. Id. The punishment assessed
against appellant for indecency with a child did not exceed the maximum allowed for the
offense. See Tex. Penal Code Ann. §§ 12.34, 21.11(a)(2), (d) (Vernon 2003) (indecency
with a child is a third degree felony and is punishable by imprisonment for any term not
more than ten or less than two years). The punishment assessed against appellant for
sexual assault was also within the statutory guidelines. See id. §§ 12.33(a), 22.011(f)
(sexual assault is a second degree felony and is punishable by imprisonment for any term
of not more than twenty or less than two years). We find no support in the record for any
non-frivolous claim that the trial court abused its discretion in sentencing appellant.
          Accordingly, after careful review of the record, we agree with counsel that the appeal
is wholly frivolous. The judgment of the trial court is affirmed. In accordance with Anders,
appellant’s attorney has asked permission to withdraw as counsel for appellant. See
Anders, 386 U.S. at 744. We grant his motion to withdraw. We order counsel to notify
appellant of the disposition of this appeal and of the availability of discretionary review. 
See Ex parte Wilson, 956 S.W.2d 25, 27 (Tex. Crim. App. 1997).                                                                                                           
                                                                                      _______________________
                                                                                      DORI CONTRERAS GARZA,
                                                                                      Justice
 
Do not publish.
Tex.R.App.P. 47.2(b)
Opinion delivered and filed
this the 6th day of May, 2004.