NUMBER 13-05-731-CR



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG






LORENZO LARA-HAYNES, Appellant,


v.



THE STATE OF TEXAS, Appellee.





On appeal from the 130th District Court


of Matagorda County, Texas.






MEMORANDUM OPINION


 

Before Justices Hinojosa, Rodriguez, and Garza


Memorandum Opinion by Justice Rodriguez


 Appellant, Lorenzo Lara-Haynes, was charged by indictment with the offense
of aggravated robbery. See Tex. Pen. Code Ann. § 29.03 (Vernon 2003). Pursuant
to a plea bargain agreement, appellant entered a plea of guilty. The trial court
accepted appellant's plea, deferred adjudication of his guilt, placed him on probation
for ten years, and fined him $500. The State filed a motion to revoke appellant's
probation and to adjudicate his guilt based on appellant's alleged violations of the
conditions of his probation. The trial court found four of the State's seven allegations
to be true, adjudicated appellant guilty, and sentenced him to seventy years'
imprisonment in the Texas Department of Criminal Justice-Institutional Division. 

 Concluding that the appeal is without merit, appellant's counsel filed a brief in
which he presented four possible points of error, including (1) whether the indictment
was defective, (2) whether the trial court erred in failing to rule on one of appellant's
hearsay objections and in overruling a subsequent hearsay objection, and (3) whether
the evidence to support the trial court's finding of "true" with respect to appellant's
seventh alleged violation of the conditions of his community supervision was
sufficient. We affirm.

I. Compliance with Anders v. California

 Appellant's court-appointed counsel filed a brief in which he has concluded that
there are no meritorious issues to advance on appeal and has moved to withdraw from
the case. See Anders v. California, 386 U.S. 738, 744 (1967). The brief meets the
requirements of Anders. See id. at 744-45; see also High v. State, 573 S.W.2d 807,
812 (Tex. Crim. App. [Panel Op.] 1978). In compliance with Anders, counsel
presented a professional evaluation of the record and referred this Court to all issues
which might arguably support an appeal. See Anders, 386 U.S. at 744; see also
Currie v. State, 516 S.W.2d 684, 684 (Tex. Crim. App. 1974). Counsel has informed
this Court that he has (1) examined the record and has found no meritorious grounds
to advance on appeal, (2) served a copy of the brief on appellant, and (3) informed
appellant of his right to review the record and to file a pro se brief. See Anders, 386
U.S. at 744; see also Stafford v. State, 813 S.W.2d 503, 509-10 (Tex. Crim. App.
1991) (en banc). More than thirty days have passed, and appellant has not filed any
pro se brief. See Anders, 386 U.S. at 744-45; see also Stafford, 813 S.W.2d at 510.

II. Independent Review of Record

 Upon receiving a "frivolous appeal" brief, we must conduct "a full examination
of all the proceedings to decide whether the case is wholly frivolous." Penson v. Ohio,
488 U.S. 75, 80 (1988); see Ybarra v. State, 93 S.W.3d 922, 926 (Tex. App.-Corpus
Christi 2003, no pet.). Accordingly, we have carefully reviewed the record and have
considered the issues raised in appellant's brief. We find nothing in the record that
would arguably support an appeal. See Bledsoe v. State, 178 S.W.3d 824, 827-28
(Tex. Crim. App. 2005). Therefore, we agree with counsel that the appeal is frivolous
and without merit. See id. at 828 ("Due to the nature of Anders briefs, by indicating
in the opinion that it considered the issues raised in the briefs and reviewed the record
for reversible error but found none, the court of appeals met the requirement of Texas
Rule of Appellate Procedure 47.1.").

III. Conclusion

 The judgment of the trial court is affirmed. Having affirmed the judgment, we
now grant counsel's motion to withdraw. We order counsel to notify appellant of the
disposition of this appeal and of the availability of discretionary review. See Ex parte
Wilson, 956 S.W.2d 25, 27 (Tex. Crim. App. 1997) (en banc) (per curiam).


 NELDA V. RODRIGUEZ

 Justice


Do not publish.

Tex. R. App. P. 47.2(b).


Memorandum Opinion delivered and

filed this 24th day of August, 2006.