NUMBERS 13-05-376-CR


 13-05-377-CR

 13-05-378-CR

 13-05-379-CR



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG






JOSE ABRAN CANTU, Appellant,


v.



THE STATE OF TEXAS, Appellee.





On appeal from the 92nd District Court


of Hidalgo County, Texas.






MEMORANDUM OPINION


 

Before Justices Yañez, Rodriguez, and Garza


Memorandum Opinion by Justice Rodriguez



 Appellant, Jose Abran Cantu, was charged in four cases with aggravated
robbery. See Tex. Pen. Code Ann. § 29.03 (Vernon 2003). Appellant entered a plea
of guilty in each case, and the trial court assessed punishment at fifteen years'
confinement in the first and second case, twenty years' confinement in the third case,
and five years' confinement in the fourth case, with the sentences to run concurrently.

 Appellant's court-appointed counsel has filed an Anders brief. We affirm.

I. Compliance with Anders v. California

 Appellant's court-appointed counsel has filed an Anders brief in which he has
concluded there are no meritorious grounds for appeal and has asked permission to
withdraw from the case. See Anders v. California, 386 U.S. 738, 744 (1967). The
brief meets the requirements of Anders as it presents a professional evaluation of the
record demonstrating why there are no arguable grounds to be advanced on appeal. 
See id.; see also Stafford v. State, 813 S.W.2d 503, 510 n.3 (Tex. Crim. App. 1991)
(en banc); High v. State, 573 S.W.2d 807, 812 (Tex. Crim. App. [Panel Op.] 1978). 
Specifically, counsel has informed this Court that he has (1) examined the record and
has found no meritorious grounds to advance on appeal, (2) served a copy of the brief
on appellant, and (3) informed appellant of his right to review the record and to file a
pro se brief. See Anders, 386 U.S. at 744; see also Stafford, 813 S.W.2d at 509-10. 
More than thirty days have passed, and appellant has not filed any pro se brief. See
Anders, 386 U.S. at 744-45; see also Stafford, 813 S.W.2d at 510.

II. Independent Review of Record

 Upon receiving a "frivolous appeal" brief, we must conduct "a full examination
of all the proceedings to decide whether the case is wholly frivolous." Penson v. Ohio,
488 U.S. 75, 80 (1988); see Ybarra v. State, 93 S.W.3d 922, 926 (Tex. App.-Corpus
Christi 2003, no pet.). Accordingly, we have carefully reviewed the appellate record
and counsel's brief. We find nothing in the record that would arguably support an
appeal. See Bledsoe v. State, 178 S.W.3d 824, 827-28 (Tex. Crim. App. 2005). 
Therefore, we agree with counsel that the appeal is frivolous and without merit. See
id. at 828 ("Due to the nature of Anders briefs, by indicating in the opinion that it
considered the issues raised in the briefs and reviewed the record for reversible error
but found none, the court of appeals met the requirement of Texas Rule of Appellate
Procedure 47.1.").

III. Conclusion

 The judgments of the trial court are affirmed. Having affirmed the judgments,
we now grant counsel's request to withdraw. We order counsel to notify appellant of
the disposition of this appeal and of the availability of discretionary review. See Ex
parte Owens, No. AP-74,996, 2006 Tex. Crim. App. LEXIS 1691, at *9-*12 (Tex.
Crim. App. Sept. 13, 2006); Ex parte Wilson, 956 S.W.2d 25, 27 (Tex. Crim. App.
1997) (en banc) (per curiam).


 Furthermore, appellant's motion to correct the trial court's certifications of his
right to appeal, see Tex. R. App. P. 25.2(a)(2), is hereby denied as moot. (1)


 NELDA V. RODRIGUEZ

 Justice


Do not publish.

Tex. R. App. P. 47.2(b).


Memorandum Opinion delivered and

filed this 9th day of November, 2006.

 

 














 
1. On August 11, 2005, appellant filed a motion to correct the trial court's certifications of his
right to appeal. See Tex. R. App. P. 25.2(a)(2). The trial court's certifications originally indicated that
the cases were plea bargained and that appellant did not have the right to appeal. Appellant contended
that the cases had not been plea bargained, and therefore, he had the right to appeal. This Court abated
and remanded the appeals so that the trial court could review whether the cases were plea bargained
and whether appellant had the right to appeal. On April 17, 2006, the trial court signed corrected
certifications indicating that the cases had not been plea bargained and that appellant had the right to
appeal.