Raul YBARRA a/k/a Raul Ibarra, Appellant,

v.

The STATE of Texas, Appellee.

No. 13–01–855–CR.

Court of Appeals of Texas, Corpus Christi–Edinburg.

Dec. 19, 2002.

Grant Jones, Corpus Christi, for appellant.

Carlos Valdez, Nueces County District Attorney, Corpus Christi, for State.

Before Justices DORSEY, YAÑEZ, and CASTILLO.

## OPINION

Opinion by Justice CASTILLO.

Raul Ybarra appeals his conviction for sexual assault.[1] Ybarra pled guilty pursuant to a plea bargain and was sentenced by the court to ten years in prison in accordance with his agreement. Appellant filed a motion for new trial, which was denied. Appellant requested and received permission from the trial court to appeal his conviction and filed a notice of appeal complying with the requirements of Texas Rule of Appellate Procedure 25.2(b)(3)(C). TEX.R.APP. P. 25.2(b)(3)(C).

## *ANDERS* BRIEF

Appellant's court-appointed counsel has filed a motion to withdraw and, in support of that motion, a brief stating that counsel has thoroughly reviewed the clerk's record and the court reporter's record in this case and found no meritorious issues to bring forward for review. *See Anders v. California*, 386 U.S. 738, 744, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967); *Jeffery v. State*, 903 S.W.2d 776, 779 (Tex.App.-Dallas 1995, no pet.). This brief meets the requirements set forth in *Anders. Anders*, 386 U.S. at 744–45, 87 S.Ct. 1396. Counsel has referred this Court to errors in the record that might arguably support the appeal in the areas of voluntariness, the trial court's ruling on appellant's motion for new trial, and the propriety of the trial court's admonishments. Counsel also provided, for each arguable point of error, a discussion of the correctness of the trial court's ruling and why the record could not support the arguments presented. *See High v. State*, 573 S.W.2d 807, 812 (Tex.Crim.App. [Panel Op.] 1978). Counsel certified that appellant has been furnished with a copy of the brief and informed of the right to review the record and to file a *pro se* brief. More

than thirty days have passed since appellant was so advised, and no *pro se* brief has been filed.

## THE VOLUNTARINESS OF THE PLEA AND THE MOTION FOR NEW TRIAL

■ Originally, this case was tried to a jury. The first trial ended in a mistrial after the jury was deadlocked on the question of guilt. Just prior to the jury selection in the second trial, a plea bargain agreement was reached and appellant pled guilty.

At the hearing on the plea of guilty, the trial judge asked appellant whether he understood what he had signed and whether he was pleading guilty voluntarily and of his own free will. Appellant answered in the affirmative to both questions. After the plea bargain was recited, the judge asked appellant if he understood the agreement and if it was something that he was entering into freely with the advice and consent of his attorney. Appellant again indicated his understanding and consent.

At the hearing on his motion for new trial, appellant's sole contention was that his plea was involuntary. Specifically, he argued that his attorney forced him to plead guilty and that he actually wanted to go to trial. He also claimed that he did not understand what he had signed because he could not read or write due to a diminished intellectual capacity. Appellant stated that he had not wanted to take the ten-year offer and had told his attorney that he wanted to go to the jury. He further explained that he had wanted a five-year, not a ten-year offer, but accepted the ten-year offer because his attorney had "told [him] to." At that same hearing, appellant's trial attorney denied coercing

1. TEX. PEN.CODE ANN. § 22.011(a)(1)(A) (Vernon Supp.2003).

appellant into pleading guilty and testified that it had been appellant's own decision to enter a plea of guilty rather than have a second jury trial. Counsel also explained that because of appellant's diminished abilities, counsel had spent extra time explaining matters to him. Testimony at the hearing also revealed that appellant had a high school diploma, had owned his own business, had previous experience in the criminal justice system, and had taken an active role in the plea negotiations in his case, specifically rejecting certain plea offers and requesting specific counter-offers.

In determining the voluntariness of a plea, we consider the totality of the circumstances, viewed in the light of the entire record. *Ybarra v. State*, 960 S.W.2d 742, 745 (Tex.App.-Dallas 1997, no pet.). Once a defendant has pled guilty and attested to the voluntary nature of his plea, he bears a heavy burden at a subsequent hearing to demonstrate a lack of voluntariness. *Garcia v. State*, 877 S.W.2d 809, 812 (Tex.App.-Corpus Christi 1994, pet. ref'd). On a motion for new trial, the trial court is the sole judge of the credibility of the witnesses, and we may not substitute our judgment for that of the trial court. *Salazar v. State*, 38 S.W.3d 141, 148 (Tex.Crim. App.2001). We will not overturn a trial court's decision on a motion for new trial unless there is an abuse of discretion. *Id.*

The trial court was not required to accept as true appellant's uncorroborated statements at the motion for new trial, even if they had been uncontradicted, which they were not. *Messer v. State*, 757 S.W.2d 820, 828 (Tex.App.-Houston [1st Dist.] 1988, pet. ref'd) (op. on reh'g) (per curiam). A trial court does not abuse its discretion in denying a motion for new trial in the face of conflicting evidence, as was presented to the court in the present case. *Salazar*, 38 S.W.3d at 148. In light of the entire record, we do not find that

appellant met his burden to demonstrate that his plea was involuntary nor do we find that the trial court abused its discretion in denying appellant's motion for new trial. We agree with appellate counsel that no meritorious grounds are indicated by the record as to any issues related to a claim of an involuntary plea, including the trial court's denial of the motion for new trial.

## THE ADMONITIONS

Counsel also refers us to two discrepancies in the admonitions. The first is the failure to check off a box indicating the range of punishment for the instant offense. The second is the failure of the trial court to execute a written approval of appellant's waiver of jury trial as required by code of criminal procedure article 1.13. TEX.CODE CRIM. PROC. ANN. art 1.13 (Vernon Supp.2003).

Counsel notes that both omissions are harmless. As to the first, appellant was advised that he was pleading guilty to a second degree felony; he has not claimed he did not understand the range of punishment applicable thereto; he has not claimed that had he been properly admonished about the range of punishment, he would not have entered a plea of guilty; and the punishment assessed was within the range of punishment as permitted by law. Moreover, appellant had already stood trial once on the case, during which time the range of punishment would presumably have been discussed in voir dire. In any case, there is no assertion and no evidence that appellant was harmed, that is, that he would probably not have pled guilty but for the failure to admonish as to the range of punishment. *See Burnett v. State*, 88 S.W.3d 633, 638 & n. 14 (Tex.Crim.App. 2002). As for the second omission, appellate counsel notes that appellant was

aware of his right to a trial by jury and was awaiting the start of his second trial when the plea bargain was reached. *See Johnson v. State*, 72 S.W.3d 346, 349 (Tex. Crim.App.2002) (holding that even where there is a violation of article 1.13, there is no harm if the record reflects that the defendant was aware of his right to a jury trial).

We agree with counsel that these discrepancies do not present any harmful error. Having reviewed the issues presented to us by appellate counsel and having agreed that they are without merit, we now review the record ourselves to determine whether any harmful error is otherwise demonstrated therein. *Penson v. Ohio*, 488 U.S. 75, 82–83, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988).

## FAILURE TO COMPLY WITH ARTICLE 1.15

■ Our own review of the record indicates that the trial court failed to comply with the portion of article 1.15 of the code of criminal procedure that requires that the trial court approve a defendant's waiver of the appearance, confrontation, and cross-examination of witnesses and a defendant's consent to oral stipulations of testimony or the introduction of testimony in written form.[2] TEX.CODE CRIM. PROC. ANN. art. 1.15 (Vernon Supp.2003). This

requirement of article 1.15 is mandatory and where the trial court has failed to sign the waiver and consent to stipulate evidence, the waiver and consent do not become a "writing of the court," *Young v. State*, 648 S.W.2d 6, 7 (Tex.Crim.App. 1983), and it is error for the trial court to admit the stipulation. *Messer v. State*, 729 S.W.2d 694, 700 (Tex.Crim.App.1987) (op. on reh'g). A trial court may not consider a stipulation as evidence where the defendant's waiver and consent to stipulate is not signed by the trial court as required by article 1.15. *McClain v. State*, 730 S.W.2d 739, 742 (Tex.Crim.App.1987). Accordingly, a judgment based on the stipulated evidence must be reversed. *Id.* Such error, however, is trial error and calls for a reversal and remand, not an acquittal. *Id.* at 743; *Messer*, 729 S.W.2d at 700.

In the present case, the trial court failed to sign any of the documents relative to the plea, aside from the judgment. Neither the admonitions, nor the waivers, nor the stipulations, nor the judicial confession were signed by the judge, though spaces appeared for the judge's signature. Since the consent to stipulate evidence was unsigned, the trial court erroneously admitted the stipulated evidence and its judgment could not be based on the same.

■ However, the trial court's error is not harmful in the present case. Where

2. This article reads:

No person can be convicted of a felony except upon the verdict of a jury duly rendered and recorded, unless the defendant, upon entering a plea, has in open court in person waived his right of trial by jury in writing in accordance with Articles 1.13 and 1.14; provided, however, that it shall be necessary for the state to introduce evidence into the record showing the guilt of the defendant and such evidence shall be accepted by the court as the basis for its judgment and in no event shall a person charged be convicted upon his plea without sufficient evidence to support the same.

The evidence may be stipulated if the defendant in such case consents in writing, in open court, to waive the appearance, confrontation, and cross-examination of witnesses, and further consents either to an oral stipulation of the evidence and testimony or to the introduction of testimony by affidavits, written statements of witnesses, and any other documentary evidence in support of the judgment of the court. Such waiver and consent must be approved by the court in writing, and be filed in the file of the papers of the cause.
TEX.CODE CRIM. PROC. ANN art. 1.15 (Vernon Supp.2003).

the evidence admitted apart from erroneously admitted stipulations or stipulated testimony is sufficient to support the conviction, any error in a trial court's failure to comply with article 1.15 is harmless. *See McClain,* 730 S.W.2d at 742–43; *Whitmire v. State,* 33 S.W.3d 330, 336 (Tex. App.-Eastland 2000, no pet.); *Stewart v. State,* 12 S.W.3d 146, 148 (Tex.App.-Houston [1st Dist.] 2000, no pet.); *Parks v. State,* 960 S.W.2d 234, 236 (Tex.App.-Houston [1st Dist.] 1997, pet. ref'd); *Leal v. State,* 736 S.W.2d 907, 911–12 (Tex.App.-Corpus Christi 1987), *pet. dism'd, improvidently granted,* 773 S.W.2d 296 (Tex.Crim. App.1989) (per curiam). In the present

case, appellant signed a judicial confession wherein he confessed to committing the crime as alleged in the indictment, and this confession was admitted into evidence at the plea hearing.[3] Thus, it was "evidence introduced into the record" and we may consider it "in deciding whether the State met its evidentiary burden under article 1.15." *Daw v. State,* 17 S.W.3d 330, 333 (Tex.App.-Waco 2000, no pet.) (citing *Pitts v. State,* 916 S.W.2d 507, 510 (Tex.Crim. App.1996)).

 It is well-settled that a judicial confession, standing alone, is sufficient evidence to sustain a conviction upon a guilty plea.[4] *Dinnery v. State,* 592 S.W.2d 343,

---

3. The judicial confession, which in part tracks the language of the indictment, appears in a document entitled "Judicial Confession and Stipulation" and reads:

 I, RAUL YBARRA AKA Raul Ibarra, am the Defendant in the above styled and numbered cause.

 My attorney is [name of defense counsel].

 My attorney has investigated the facts and circumstances surrounding my case, discussed those with me and advised me of possible defenses. I am satisfied with my attorney's representation. I am pleading guilty to the offense of SEXUAL ASSAULT/REPEAT FELONY OFFENDER because I am guilty. My plea is freely, voluntarily, knowingly, and intelligently given.

 **Paragraph 1**

 On this day in open Court, I, RAUL YBARRA AKA Raul Ibarra, waive my right against self-incrimination and hereby judicially confess that on October 31, 1999, in Nueces County, Texas, I did then and there intentionally and knowingly cause the penetration of the anus of [name of victim] by the defendant's sexual organ, without the consent of [name of victim] and the defendant knew that as a result of mental disease or defect [name of victim] was at the time of the sexual assault, incapable of either appraising the nature of the act or resisting it.

 **Paragraph 2**

 On this day in open Court, I, RAUL YBARRA AKA Raul Ibarra, waive my right

against self-incrimination and hereby judicially confess that on October 31, 1999, in Nueces County, Texas, I did then and there intentionally and knowingly cause the penetration of the anus of [name of victim] by the defendant's sexual organ, without the consent of [name of victim] and the defendant compelled [name of victim] to submit or participate by threatening to use force or violence against [name of victim] and [name of victim] believed that Raul Ybarra aka Raul Ibarra had the present ability to execute the threat.

 The judicial confession also contained a paragraph about the grand jury presenting that appellant had previously been convicted of indecency with a child but that paragraph was crossed out. The document contained also the following recitation, "I hereby agree and stipulate that the facts contained in this instrument and its attached exhibits, if any, are true and correct." The document is signed by appellant, his counsel, and the attorney for the State. Signature lines also appear for the clerk (immediately following a jurat) and for the judge's approval but both lines were left unsigned.

4. We note that the judicial confession was neither sworn to before the clerk nor signed by the judge. However, these omissions do not affect either the confession's validity or admissibility. *See Terry v. State,* 681 S.W.2d 136, 138 (Tex.App.-Houston [14th Dist.] 1984, pet. ref'd) (holding that judge's signature not required for judicial confession even where

353 (Tex.Crim.App.1980) (op. on reh'g) (en banc). Accordingly, although the trial court failed to comply with article 1.15, and, therefore, the stipulated evidence could not be considered, since there was sufficient evidence to sustain appellant's conviction independent of the stipulated evidence, no harmful error is presented in this case.

## CONCLUSION

In reviewing the record carefully as mandated by *Penson,* 488 U.S. at 82–83, 109 S.Ct. 346, we agree with appellant's counsel that there are no meritorious grounds on appeal. Accordingly, we affirm the judgment of the trial court. We grant the motion of appellant's counsel to withdraw and order counsel to notify appellant of the disposition of this case and the availability of discretionary review. *See Ex parte Wilson,* 956 S.W.2d 25, 27 (Tex.Crim.App.1997) (per curiam).

judicial confession and stipulations appeared together in same document) and *Jones v. State,* 857 S.W.2d 108, 110 (Tex.App.-Corpus Christi 1993, no pet.) (holding that there is no requirement that judicial confessions be made under oath).