NUMBER 13-02-674-CR



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG


___________________________________________________________________


MARTIN GARZA LONGORIA A/K/A MONTY LONG, Appellant,


v.



THE STATE OF TEXAS, Appellee.

___________________________________________________________________


On appeal from the 138th District Court


of Cameron County, Texas.


__________________________________________________________________


MEMORANDUM OPINION



Before Chief Justice Valdez and Justices Rodriguez and Castillo


Opinion by Justice Rodriguez



 Appellant, Martin Garza Longoria A/K/A Monty Long, entered a plea of guilty to
an indictment alleging burglary of a vehicle. The trial court deferred a finding of guilt,
and placed appellant on deferred community supervision for ten years. The State filed
a motion to revoke appellant's community supervision, alleging violations of four
conditions of his supervision. (1) At his revocation hearing, appellant pled "true" to the
alleged violations. The trial court revoked appellant's community supervision and
sentenced him to six years in the Texas Department of Criminal Justice, Institutional
Division. The trial court has certified that this case "is not a plea-bargain case, and the
defendant has the right of appeal." See Tex. R. App. P. 25.2(a)(2). We conclude that
the appeal is frivolous and without merit. We affirm.

I. Facts

 As this is a memorandum opinion and the parties are familiar with the facts, we
will not recite them here except as necessary to advise the parties of the Court's
decision and the basic reasons for it. See Tex. R. App. P. 47.4.

II. Anders Brief

 Appellant's court-appointed counsel has filed a brief in which he has concluded
that the appeal is frivolous. See Anders v. California, 386 U.S. 738, 744 (1967). 
Counsel certifies: (1) he diligently reviewed the complete record and researched the
law applicable to the facts and issues contained therein; (2) in his professional
evaluation, he was unable to find any error which would arguably require a reversal of
the trial court's order revoking community supervision; (3) in his opinion, the appeal
is without merit; (4) he served a copy of this brief on appellant; (5) he informed
appellant of his right to examine the entire appellate record and file a pro se brief on
his own behalf. See id. at 744-45; see also Stafford v. State, 813 S.W.2d 503, 509
(Tex. Crim. App. 1991); High v. State, 573 S.W.2d 807, 813 (Tex. Crim. App. [Panel
Op.] 1978). More than thirty days have passed, and appellant has not filed any pro
se brief. See Anders, 386 U.S. at 744-45; see also High, 573 S.W.2d at 813.

 An Anders brief must provide references to both legal precedent and pages in
the record to demonstrate why there are no arguable grounds to be advanced. High,
573 S.W.2d at 812. Although counsel's brief does not advance any arguable grounds
of error, it does present a professional evaluation of the record demonstrating why
there are no arguable grounds to be advanced. Currie v. State, 516 S.W.2d 684, 684
(Tex. Crim. App. 1974); see High, 573 S.W.2d at 812. We conclude counsel's brief
meets the requirements of Anders. Anders, 386 U.S. at 744-45; see High, 573
S.W.2d at 812.

III. Independent Review of Record

 The Supreme Court advised appellate courts that upon receiving a "frivolous
appeal" brief, they must conduct "a full examination of all the proceeding[s] to decide
whether the case is wholly frivolous." Penson v. Ohio, 488 U.S. 75, 80 (1988); see
Ybarra v. State, 93 S.W.3d 922, 926 (Tex. App.-Corpus Christi 2003, no pet.). An
appellant whose deferred adjudication probation has been revoked and who has been
adjudicated guilty of the original charge may not raise on appeal contentions of error
in the adjudication-of-guilt process. Connolly v. State, 983 S.W.2d 738, 741 (Tex.
Crim. App. 1999) (adjudication-of-guilt process includes challenges to sufficiency of
notice contained in terms and conditions of deferred adjudication probation, adequacy
of State's notice of violation and sufficiency of evidence to support trial court's
revocation decision); see Tex. Code Crim. Proc. Ann. art. 42.12 § 5(b) (Vernon Supp.
2003) (no appeal may be taken from adjudication decision). The defendant may,
however, appeal from a judgment adjudicating guilt when the issues raised by the
appeal relate not to the adjudication decision but to the punishment phase. See Tex.
Code Crim. Proc. Ann. art. 42.12 § 5(b) (Vernon Supp. 2003).

 Accordingly, we have carefully reviewed the record and have found nothing that
would arguably support a complaint regarding the punishment phase. See Stafford,
813 S.W.2d at 509. We agree with counsel that the appeal is wholly frivolous.

IV. Conclusion

 We conclude the appeal is without merit. The judgment of the trial court is
affirmed.

 Additionally, we order counsel to notify appellant of the disposition of his appeal
and of the availability of discretionary review. See Ex parte Wilson, 956 S.W.2d 25,
27 (Tex. Crim. App. 1997). 

 NELDA V. RODRIGUEZ

 Justice

Do not publish.

Tex. R. App. P. 47.2(b).


Opinion delivered and filed

this 29th day of August, 2003.
1. Alleged violations included public intoxication, failing to report to his probation officer
during May and June 1999 and June and August 2000, failing to pay court costs, and failing
to pay probation fees.