NUMBER 13-05-395-CR

 

                                 COURT
OF APPEALS

 

                     THIRTEENTH
DISTRICT OF TEXAS

 

                         CORPUS
CHRISTI - EDINBURG 


                                                                                                     


JOHN BLANKENSHIP,                                                          Appellant,

 

v.

 

THE STATE OF TEXAS,                                                                 Appellee.

                                                                                                     


On appeal from the 347th District
Court 

of Nueces County, Texas.

                                                                                                     

MEMORANDUM OPINION[1]

 

                      Before
Justices Hinojosa, Rodriguez and Garza

                        Memorandum
Opinion by Justice Rodriguez

 








Appellant, John
Blankenship, was charged by indictment with two counts of aggravated sexual
assault of a child.  See Tex.
Pen. Code Ann. ' 22.021 (Vernon 2003
& Supp. 2005).  Pursuant to a plea
bargain agreement, appellant entered a plea of guilty to one count of the
lesser-included offense of indecency with a child.  See
Tex. Pen. Code Ann. ' 21.11 (Vernon
2003).  The trial court accepted
appellant's plea, deferred adjudication of his guilt, placed him on probation
for five years, and fined him $5,000. 
The State filed a motion to revoke appellant's probation and to
adjudicate his guilt based on appellant's 
violations of the conditions of his probation.  Appellant pled true to the allegations in the
State's motion.  At the hearing on the
motion, the trial court found the allegations to be true, adjudicated appellant
guilty, and sentenced him to ten years' confinement in the Texas Department of
Criminal Justice-Institutional Division. 
The trial court has certified that this is not a plea-bargain case, and
the defendant has the right of appeal.  See
Tex. R. App. P. 25.2(a)(2).

Appellant's
court-appointed counsel has filed an Anders brief.  We affirm.

I.  Compliance with Anders v. California








Appellant's
court-appointed counsel has filed an Anders brief in which she has
concluded there are no arguable grounds for appeal and has asked permission to
withdraw from the case.  See Anders v.
California, 386 U.S. 738, 744 (1967). 
The brief meets the requirements of Anders as it presents a
professional evaluation of the record demonstrating why there are no arguable
grounds to be advanced on appeal.  See
id.; see also Stafford v. State, 813 S.W.2d 503, 510 n.3
(Tex. Crim. App. 1991) (en banc); High v. State, 573 S.W.2d 807, 812
(Tex. Crim. App. [Panel Op.] 1978). 
Counsel has informed this Court that (1) she has examined the record and
has found no arguable grounds to advance on appeal, and (2) she forwarded a
copy of the brief and trial transcript to appellant, accompanied by a letter
informing appellant of his right to file a pro se brief.  See Anders, 386 U.S. at 744; see
also Stafford, 813 S.W.2d at 509-10. 
More than thirty days have passed, and appellant has not filed any pro
se brief.  See Anders, 386 U.S. at
744-45; see also Stafford, 813 S.W.2d at 510.

II.  Independent Review of Record

Upon receiving a
"frivolous appeal" brief, we must conduct "a full examination of
all the proceedings to decide whether the case is wholly frivolous."  Penson v. Ohio, 488 U.S. 75, 80
(1988); see Ybarra v. State, 93 S.W.3d 922, 926 (Tex. App.BCorpus Christi 2003,
no pet.).  Accordingly, we have carefully
reviewed the record and appellant's brief. 
We find nothing in the record that would arguably support an
appeal.  See Bledsoe v. State, 178
S.W.3d 824, 827-28 (Tex. Crim. App. 2005). 
Therefore, we agree with counsel that the appeal is frivolous and
without merit.  See id. at 828
("Due to the nature of Anders briefs, by indicating in the opinion
that it considered the issues raised in the briefs and reviewed the record for
reversible error but found none, the court of appeals met the requirement of
Texas Rule of Appellate Procedure 47.1.").

III.  Conclusion

The judgment of the
trial court is affirmed.  Having affirmed
the judgment, we now grant counsel's request to withdraw.  We order counsel to notify appellant of the
disposition of this appeal and of the availability of discretionary
review.  See Ex parte Wilson, 956
S.W.2d 25, 27 (Tex. Crim. App. 1997) (en banc) (per curiam).

 

NELDA V.
RODRIGUEZ

Justice

 

Do not publish.                                              

Tex. R. App. P. 47.2(b).

 

Memorandum
Opinion delivered and 

filed this 29th
day of June, 2006.











[1]Because all issues of law presented
by this case are well-settled, our memorandum opinion only advises the parties
of the Court's decision and the basic reasons for it.  See Tex.
R. App. P. 47.4.