NUMBERS 13-05-716-CR AND 13-05-717-CR



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG






BILLY RAY PRICE, Appellant,


v.



THE STATE OF TEXAS, Appellee.





On appeal from the 339th District Court


of Harris County, Texas.






MEMORANDUM OPINION


 

Before Justices Hinojosa, Rodriguez, and Garza


Memorandum Opinion by Justice Rodriguez


 Appellant, Billy Ray Price, was charged with two counts of aggravated sexual
assault of a child. See Tex. Pen. Code Ann. § 22.021 (Vernon 2003 & Supp. 2005). 
Appellant entered pleas of nolo contendere. The trial court accepted appellant's pleas,
deferred adjudication of his guilt, and placed him on community supervision for ten
years. The State filed motions to revoke appellant's community supervision and to
adjudicate his guilt based on appellant's alleged violations of the conditions of his
community supervision. The trial court found the State's allegations to be true,
adjudicated appellant guilty, and sentenced him to five years' imprisonment in the
Texas Department of Criminal Justice-Institutional Division for each offense, with the
sentences to run concurrently. 

 Appellant's court-appointed counsel has filed an Anders brief. We affirm.

I. Compliance with Anders v. California

 Appellant's court-appointed counsel has filed an Anders brief in which he has
concluded there are no arguable grounds for appeal and has moved to withdraw from
the case. See Anders v. California, 386 U.S. 738, 744 (1967). The brief meets the
requirements of Anders as it presents a professional evaluation of the record
demonstrating why there are no arguable grounds to be advanced on appeal. See id.;
see also Stafford v. State, 813 S.W.2d 503, 510 n.3 (Tex. Crim. App. 1991) (en
banc); High v. State, 573 S.W.2d 807, 812 (Tex. Crim. App. [Panel Op.] 1978). 
Counsel has informed this Court that he has (1) examined the record and has found
no arguable grounds to advance on appeal, (2) served a copy of the brief on appellant,
and (3) informed appellant of his right to review the record and to file a pro se brief. 
See Anders, 386 U.S. at 744; see also Stafford, 813 S.W.2d at 509-10. 

 Appellant filed a pro se brief raising the following issues: (1) appellant's
competency to stand trial; (2) trial counsel's strong encouragement for appellant to
enter a plea of nolo contendere rather than proceed with trial; (3) appellant's
unawareness of the fact that his community supervision was conditional; (4) improper
statements by the prosecution during the hearing on the motion to adjudicate guilt; (5)
violation of his Fifth and Sixth Amendment rights at the hearing on the motion to
adjudicate guilt; (6) improper and harmful testimony by a State witness at said hearing;
(7) ineffective assistance of counsel; (8) unmeritorious allegations advanced by the
State in the motion to adjudicate guilt; (9) "drastic change in conditions" that caused
appellant to violate certain conditions of his community supervision; and (10) trial
court's failure to admonish him regarding the requirement that he register as a sex
offender. 

II. Independent Review of Record

 Upon receiving a "frivolous appeal" brief, we must conduct "a full examination
of all the proceedings to decide whether the case is wholly frivolous." Penson v. Ohio,
488 U.S. 75, 80 (1988); see Ybarra v. State, 93 S.W.3d 922, 926 (Tex. App.-Corpus
Christi 2003, no pet.). Accordingly, we have carefully reviewed the appellate record,
counsel's brief, and appellant's pro se brief. We find nothing in the record that would
arguably support an appeal. See Bledsoe v. State, 178 S.W.3d 824, 827-28 (Tex.
Crim. App. 2005). Therefore, we agree with counsel that the appeal is frivolous and
without merit. See id. at 828.


III. Conclusion

 The judgments of the trial court are affirmed. Having affirmed the judgments,
we now grant counsel's motion to withdraw. We order counsel to notify appellant of
the disposition of these appeals and of the availability of discretionary review. See Ex
parte Wilson, 956 S.W.2d 25, 27 (Tex. Crim. App. 1997) (en banc) (per curiam).


 NELDA V. RODRIGUEZ

 Justice


Do not publish.

Tex. R. App. P. 47.2(b).


Memorandum Opinion delivered and

filed this 24th day of August, 2006.