NUMBERS 13-06-00211-CR and 13-06-00212-CR


COURT OF APPEALS


THIRTEENTH DISTRICT OF TEXAS


CORPUS CHRISTI - EDINBURG 

 


ORLANDO HULL, Appellant,


v.


THE STATE OF TEXAS, Appellee.

 


On appeal from the 105th District Court of Nueces County, Texas.

 


MEMORANDUM OPINION


Before Chief Justice Valdez and Justices Benavides and Vela

Memorandum Opinion by Chief Justice Valdez




 Appellant, Orlando Hull, appeals from the trial court's judgment revoking community
supervision and sentencing him to 60 years in prison. Tex. Code Crim. Pro. Ann. art.
42.12 (Vernon 2006). Hull's appellate counsel, concluding that "there are no arguable
grounds to be advanced on appeal," filed a brief in which she reviewed the merits, or lack
thereof, of the appeal. We affirm.

I. BACKGROUND

 On August 5, 2005, Hull pleaded nolo contendere to aggravated robbery with a
deadly weapon and guilty to credit card abuse. Tex. Penal Code Ann. § 29.03 (Vernon
2003), § 32.31 (Vernon Supp. 2006). The trial court accepted Hull's pleas, deferred
ajudication on the aggravated robbery charge for 10 years, and sentenced him to 2 years
in prison for the credit card abuse charge. Hull's credit card abuse sentence was
suspended, and he was placed on community supervision for 5 years for that charge and
10 years for the aggravated robbery charge. 

 The State filed motions to revoke community supervision on March 8, 2006. In
support of revoking probation, the State alleged that Hull had not paid mandatory fees,
failed to attend probation meetings, and that Hull assaulted, harassed, or robbed several
individuals while on community supervision. 

 The trial court held a hearing where live testimony was taken from alleged victims
of Hull's actions after he was placed on community supervision. One individual testified
that Hull used a knife to rob him, and another individual testified that she was injured in an
altercation with Hull. The trial court found true the State's allegations in its motion to
revoke community supervision, entered a judgment revoking community supervision, and
sentenced Hull to 60 years in prison. Hull filed a motion to reconsider and reduce the
judgment, which was denied. This appeal ensued.

II. DISCUSSION

A. Compliance with Anders v. California

 Appellant's court-appointed counsel filed an Anders brief, in which she concludes
there is nothing that merits review on direct appeal. Anders v. California, 386 U.S. 738,
744 (1967). Appellant's brief meets the requirements of Anders. Id. at 744-45; see also
High v. State, 573 S.W.2d 807, 812 (Tex. Crim. App. [Panel Op.] 1978). In compliance
with Anders, counsel presented a professional evaluation of the record and referred this
Court to what, in her opinion, are all issues which might arguably support an appeal. See
Anders, 386 U.S. at 744; Currie v. State, 516 S.W.2d 684, 684 (Tex. Crim. App. 1974); see
also High, 573 S.W.2d at 812. 

 Counsel has informed this Court that: (1) she has diligently read and reviewed the
record and the circumstances of appellant's conviction, including the facts of the case and
the veracity of the allegations made in the State's motions to revoke; (2) she believes that
there are no arguable grounds to be advanced on appeal; and (3) she forwarded to
appellant a copy of the brief along with a letter informing appellant of his right to review the
record and to file a pro se brief. See Anders, 386 U.S. at 744-45; see also Stafford v.
State, 813 S.W.2d 503, 509 (Tex. Crim. App. 1991) (en banc); High, 573 S.W.2d at 813. 
No pro se brief has been filed.

B. Independent Review

 The United States Supreme Court advised appellate courts that upon receiving a
"frivolous appeal" brief, they must conduct "a full examination of all the proceedings to
decide whether the case is wholly frivolous." Penson v. Ohio, 488 U.S. 75, 80 (1988); see
Ybarra v. State, 93 S.W.3d 922, 926 (Tex. App.-Corpus Christi 2003, no pet.). 
Accordingly, we have carefully reviewed the record and have found nothing that would
arguably support an appeal. See Bledsoe v. State, 178 S.W.3d 824, 826 (Tex. Crim. App.
2005); Stafford, 813 S.W.2d at 509. We agree with counsel that the appeal is wholly
frivolous and without merit. See Bledsoe, 178 S.W.3d at 827-28 ("Due to the nature of
Anders briefs, by indicating in the opinion that it considered the issues raised in the briefs
and reviewed the record for reversible error but found none, the court of appeals met the
requirements of Texas Rule of Appellate Procedure 47.1.").

III. CONCLUSION

 The judgments of the trial court are affirmed. Additionally, in accordance with
Anders, appellant's attorney has asked permission to withdraw as counsel for appellant. 
See Anders, 386 U.S. at 744. We grant counsel's motion to withdraw. We order counsel
to notify appellant of the disposition of this appeal and of the availability of discretionary
review. See Ex parte Wilson, 956 S.W.2d 25, 27 (Tex. Crim. App. 1997) (per curiam).


 

 ROGELIO VALDEZ

 Chief Justice


Do not publish. 

Tex. R. App. P. 47.2(b).


Memorandum Opinion delivered and filed 

this the 5TH day of July, 2007.