NUMBERS 13-07-009-CR


 13-07-010-CR

 13-07-011-CR

 

COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG 


 


RAY A. GRIFFIN, Appellant,


v.



THE STATE OF TEXAS, Appellee.

 


On appeal from the 117th District Court 

of Nueces County, Texas

 


MEMORANDUM OPINION


Before Justices Yañez, Rodriguez, and Garza


Memorandum Opinion by Justice Rodriguez


 

 Appellant, Ray A. Griffin, pleaded guilty to each of the charges in the three
indictments presented against him, including charges for possession of and possession
with intent to deliver controlled substances ranging from state jail to first degree
felonies arising from three different arrests in a single criminal episode. (1) The trial court
found appellant guilty of each offense. Punishment was tried to the court with an
agreement that the State would recommend no more than 20 years' incarceration,
with all sentences to run concurrently. The trial court sentenced appellant to 20 years' 
imprisonment in the Texas Department of Corrections for some offenses and two years
in a state jail facility for other offenses, all to run concurrently, with credit for time
served. Appellant's counsel concludes that the appeal presents no legally nonfrivolous
questions. We affirm.

I. Compliance with Anders v. California

 Appellant's court-appointed counsel filed a brief in which she has concluded that
the appeal presents no legally nonfrivolous questions. Anders v. California, 386 U.S.
738, 744 (1967). Appellant's brief meets the requirements of Anders. Id. at 744-45;
see High v. State, 573 S.W.2d 807, 812 (Tex. Crim. App. [Panel Op.] 1978). In
compliance with Anders, counsel presented a professional evaluation of the record. 
See Anders, 386 U.S. at 744; Currie v. State, 516 S.W.2d 684, 684 (Tex. Crim. App.
1974); see also High, 573 S.W.2d at 812. Counsel has informed the Court that she
notified appellant of the following: (1) she filed an Anders brief in the appeal; (2) she
is requesting to withdraw as appellant's attorney because she was unable to find a
meritorious basis for appeal; and (3) appellant has the right to review the appellate
record and to file a pro se brief. See Anders, 386 U.S. at 744-45; see also Stafford
v. State, 813 S.W.2d 503, 509 (Tex. Crim. App. 1991) (en banc); High, 573 S.W.2d
at 813. Counsel has forwarded appellant a copy of the brief and a copy of her motion
to withdraw as counsel of record. Counsel also made the record available to appellant. 
More than thirty days have passed, and appellant has not filed any pro se brief. See
Anders, 386 U.S. at 744-45; see also High, 573 S.W.2d at 813.

II. Discussion

 In compliance with Anders, counsel has carefully examined the facts and
matters contained in the record and researched the law. Based on her analysis,
counsel informs this Court that the appeal presents no legally nonfrivolous question. 
In reaching this conclusion, counsel has examined the indictment, has thoroughly read
the record and evaluated the sufficiency of the evidence as it relates to the indictment,
and has examined the record for any arguable violations of the Constitution, state
statutes, the Texas Code of Criminal Procedure, and the Texas Rules of Evidence.

 The Supreme Court advised appellate courts that upon receiving a "frivolous
appeal" brief, they must conduct "a full examination of all the proceeding[s] to decide
whether the case is wholly frivolous." Penson v. Ohio, 488 U.S. 75, 80 (1988); see
Ybarra v. State, 93 S.W.3d 922, 926 (Tex. App.-Corpus Christi 2003, no pet.). 
Accordingly, we have carefully reviewed the record, and we have found nothing that
would arguably support an appeal. See Stafford, 813 S.W.2d at 509. We agree with
counsel that there is no basis for presenting any legally nonfrivolous issue and
conclude the appeal is wholly frivolous and without merit. See Bledsoe v. State, 178
S.W.3d 824, 827-28 (Tex. Crim. App. 2005) ("Due to the nature of Anders briefs, by
indicating in the opinion that it considered the issues raised in the briefs and reviewed
the record for reversible error but found none, the court of appeals met the
requirements of Texas Rule of Appellate Procedure 47.1.").

III. Conclusion

 The judgments of the trial court are affirmed. Additionally, in accordance with
Anders, appellant's counsel filed a motion requesting permission to withdraw as
counsel for appellant. See Anders, 386 U.S. at 744. Having carried that motion with
the case, we now grant counsel's motion to withdraw. We order counsel to notify
appellant of the disposition of this appeal and of the availability of discretionary
review. See Ex parte Wilson, 956 S.W.2d 25, 27 (Tex. Crim. App. 1997) (en banc)
(per curiam). 

 NELDA V. RODRIGUEZ

 Justice

 

Do not publish. 

Tex. R. App. P. 47.2(b).


Memorandum Opinion delivered and 

filed this 9th day of August, 2007.
1. The three cause numbers have been consolidated for the purpose of this appeal.