NUMBER 13-07-323-CR 



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG 


 


BRAD WILSON, Appellant,


v.



THE STATE OF TEXAS, Appellee.

 


On appeal from the 347th District Court 

of Nueces County, Texas

 


MEMORANDUM OPINION


Before Justices Yañez, Rodriguez, and Vela 


Memorandum Opinion by Justice Rodriguez



 Appellant, Brad Wilson, appeals from his conviction of possession of a controlled
substance, a state jail felony. See Tex. Health & Safety Code Ann. § 481.115 (Vernon
2003). The trial court denied appellant's pre-trial motion to suppress any and all evidence
seized, and the State filed a notice of intent to enhance appellant's punishment with two
prior felony convictions. After appellant entered a plea of not guilty and waived a jury trial,
the trial court found him guilty of the charged offense. (1) Increasing his punishment from a
state jail to a second degree felony due to the enhancement, the trial court sentenced
appellant to four years incarceration in the Institutional Division of the Texas Department
of Corrections. Concluding that there are no meritorious issues for appeal, appellant's
counsel filed a brief in which he reviewed the merits, or lack thereof, of the appeal. We
affirm.I. Compliance with Anders v. California

 Appellant's court-appointed counsel filed an Anders brief in which he has concluded
that there are no grounds of error upon which an appeal can be predicated. Anders v.
California, 386 U.S. 738, 744 (1967). Appellant's brief meets the requirements of Anders. 
Id. at 744-45; see High v. State, 573 S.W.2d 807, 812 (Tex. Crim. App. [Panel Op.] 1978). 
In compliance with Anders, counsel presented a professional evaluation of the record
including, among other things, a review of the transcript of the motion to suppress,
jurisdictional issues, sufficiency of the evidence to support the conviction, and the
effectiveness of counsel. See Anders, 386 U.S. at 744; Currie v. State, 516 S.W.2d 684,
684 (Tex. Crim. App. 1974); see also High, 573 S.W.2d at 812.

 Counsel has informed this Court that he has reviewed the appellate record and
concludes that there is no significant issue presented in the record of this case upon which
a ground of error could be predicated. Counsel served a copy of his brief on appellant and
informed him that, in his view, the appeal is wholly without merit, but that appellant has a
right to review the record and to file a pro se brief if he so desires. See Anders, 386 U.S.
at 744-45; see also Stafford v. State, 813 S.W.2d 503, 509 (Tex. Crim. App. 1991) (en
banc); High, 573 S.W.2d at 813. Counsel has also indicated that he has forwarded the
clerk's record, the reporter's record, and the supplemental clerk's record to appellant. More
than thirty days have passed, and no pro se brief has been filed and no motion for
extension of time to file such brief has been received.

II. Independent Review

 The United States Supreme Court advised appellate courts that upon receiving a
"frivolous appeal" brief, they must conduct "a full examination of all the proceedings to
decide whether the case is wholly frivolous." Penson v. Ohio, 488 U.S. 75, 80 (1988); see
Ybarra v. State, 93 S.W.3d 922, 926 (Tex. App.-Corpus Christi 2003, no pet.). 
Accordingly, we have carefully reviewed the record and have found nothing that would
arguably support an appeal. See Bledsoe v. State, 178 S.W.3d 824, 826 (Tex. Crim. App.
2005); Stafford, 813 S.W.2d at 509. We agree with counsel that the appeal is wholly
frivolous and without merit. See Bledsoe, 178 S.W.3d at 827-28 ("Due to the nature of
Anders briefs, by indicating in the opinion that it considered the issues raised in the briefs
and reviewed the record for reversible error but found none, the court of appeals met the
requirements of Texas Rule of Appellate Procedure 47.1.").

III. Conclusion The judgment of the trial court is affirmed. Additionally, having affirmed the
judgment, we now grant counsel's motion to withdraw. See Anders, 386 U.S. at 744. We
order counsel to notify appellant of the disposition of this appeal and of the availability of
discretionary review. See In re K.D., S.D., and J.R., 127 S.W.2d 66, 68 n.3 (Tex.
App.-Houston [1st Dist.] 2003, no pet.) (citing Ex parte Wilson, 956 S.W.2d 25, 27 (Tex.
Crim. App. 1997) (en banc) (per curiam)).

 

 NELDA V. RODRIGUEZ

 Justice


Do not publish. 

Tex. R. App. P. 47.2(b).


Memorandum Opinion delivered and 

filed this 13th day of March, 2008.
1. We note two inconsistencies in the record. First, the judgment of conviction states that appellant
pleaded guilty to the offense. Second, the amended notice of appeal indicates that appellant was found guilty
by a jury. It is clear from other portions of the record and from appellant's briefing that appellant pleaded not
guilty and that his case was tried to the bench. Because these errors are not germane to the disposition of
this appeal, we need not address them here. See Tex. R. App. P. 47.1.