NUMBERS 13-07-616-CR and 13-07-617-CR


COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG 


 


LYNETTE MARIE GENTRY AKA Appellant,

LYNETTE MARIE FLORES,


v.



THE STATE OF TEXAS, Appellee.

 


On appeal from the 252nd District Court 

of Jefferson County, Texas

 


MEMORANDUM OPINION


Before Justices Yañez, Rodriguez, and Vela


Memorandum Opinion by Justice Vela



 Appellant, Lynette Marie Gentry, was indicted for the criminal offense of aggravated
robbery. On June 4, 2007, the trial court deferred adjudication and placed appellant on
probation for ten years. In September 2007, appellant pleaded "true" to two allegations in
the State's motion to revoke probation-not reporting and having drugs in her urine. The
trial court found both allegations "true," adjudicated appellant's guilt, and sentenced
appellant to ten years' confinement in the Institutional Division of the Department of
Criminal Justice. Concluding that "there are no meritorious issues for appeal," appellant's
counsel filed a brief in which he reviewed the merits, or lack thereof, of the appeal. The
State agrees with counsel's conclusion that there are no meritorious grounds for appeal. 
We affirm.

I. Compliance with Anders v. California

 Appellant's court-appointed counsel filed an Anders brief in which he has concluded
that there are no appealable issues for this Court to consider. Anders v. California, 386
U.S. 738, 744 (1967). Appellant's brief meets the requirements of Anders. Id. at 744-45;
see High v. State, 573 S.W.2d 807, 812 (Tex. Crim. App. [Panel Op.] 1978). In compliance
with Anders, following his review of the court's file and the transcripts, his research, and
his correspondence with appellant, counsel presented a professional evaluation of the
record including, among other things, a review of grand jury proceedings, pre-trial motions,
research and investigation, competency, sentencing, right to present evidence during the
guilt/innocence and punishment stages, and right to appeal. See Anders, 386 U.S. at 744;
Currie v. State, 516 S.W.2d 684, 684 (Tex. Crim. App. 1974); see also High, 573 S.W.2d
at 812.

 Counsel has informed this Court that he has reviewed the appellate record and
concludes there are no arguable grounds for reversal. He has also informed this Court that
he provided appellant with a copy of the transcripts in his case and notified appellant of his
right to review the record and to file a pro se response to counsel's brief and motion to
withdraw. See Anders, 386 U.S. at 744-45; see also Stafford v. State, 813 S.W.2d 503,
509 (Tex. Crim. App. 1991) (en banc); High, 573 S.W.2d at 813. More than thirty days
have passed, and no pro se brief has been filed.

II. Independent Review

 The United States Supreme Court advised appellate courts that upon receiving a
"frivolous appeal" brief, they must conduct "a full examination of all the proceedings to
decide whether the case is wholly frivolous." Penson v. Ohio, 488 U.S. 75, 80 (1988); see
Ybarra v. State, 93 S.W.3d 922, 926 (Tex. App.-Corpus Christi 2003, no pet.). 
Accordingly, we have carefully reviewed the record and have found nothing that would
arguably support an appeal. See Bledsoe v. State, 178 S.W.3d 824, 826 (Tex. Crim. App.
2005); Stafford, 813 S.W.2d at 509. We agree with counsel that the appeal is wholly
frivolous and without merit. See Bledsoe, 178 S.W.3d at 827-28 ("Due to the nature of
Anders briefs, by indicating in the opinion that it considered the issues raised in the briefs
and reviewed the record for reversible error but found none, the court of appeals met the
requirements of Texas Rule of Appellate Procedure 47.1.").

III. Conclusion

 The judgments of the trial court are affirmed. Additionally, appellant's counsel's
motion to withdraw as appellate counsel is hereby granted. We order counsel to notify
appellant of the disposition of this appeal and of the availability of discretionary review. 
See In re K.D., S.D., and J.R., 127 S.W.2d 66, 68 n.3 (Tex. App.-Houston [1st Dist.] 2003,



 

no pet.) (citing Ex parte Wilson, 956 S.W.2d 25, 27 (Tex. Crim. App. 1997) (en banc) (per
curiam)).

 

 ROSE VELA

 Justice



Do not publish. 

Tex. R. App. P. 47.2(b).


Memorandum Opinion delivered and 

filed this 8th day of May, 2008.