

**NUMBER 13-07-002-CR**

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

**OSCAR RIVERA,**                                                                 **Appellant,**

**v.**

**THE STATE OF TEXAS,**                                                              **Appellee.**

**On appeal from the 319th District Court of Nueces County, Texas.**

# MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Garza, and Benavides**
**Memorandum Opinion by Justice Benavides**

In 2004, Oscar Rivera was placed on two years probation for injury of a child.  On January 10, 2006, Oscar Rivera was again indicted for injury to a child that occurred on or about May 30, 2005. TEX. PENAL CODE ANN. § 22.04 (Vernon 2005).  As a result of the second indictment, the State of Texas filed a motion to revoke.  Oscar Rivera pled guilty to the new allegation of injury to child and pled true to the allegations in the motion to

revoke. After a hearing, the trial court found that Rivera had violated the terms and conditions of his probation, revoked his probation, and assessed punishment at two years in a state jail. The court further found Rivera guilty of injury to a child on May 30, 2005 and assessed punishment at 25 years in the Texas Department of Criminal Justice.[1]

Rivera's appellate counsel, concluding that "there are no arguable grounds to be advanced on appeal," filed an *Ander's* brief in which he reviewed the merits, or lack thereof, of the appeal. We affirm.

## I. DISCUSSION

### A. Compliance with *Anders v. California*

Rivera's counsel filed an *Anders* brief, in which he concludes there is nothing that merits review on direct appeal. *Anders v. California,* 386 U.S. 738, 744 (1967). Appellant's brief meets the requirements of *Anders*. *Id*. at 744-45; *see High v. State*, 573 S.W.2d 807, 812 (Tex. Crim. App. [Panel Op.] 1978). In compliance with *Anders*, counsel presented a professional evaluation of the record and referred this Court to what, in his opinion, are all issues which might arguably support an appeal. *See Anders*, 386 U.S. at 744; *Currie v. State*, 516 S.W.2d 684, 684 (Tex. Crim. App. 1974); *see also High*, 573 S.W.2d at 812.

Counsel has informed this Court that he: (1) has diligently read and reviewed the record and the circumstances of appellant's conviction, including the hearing at which Rivera entered his plea and the sentencing hearing; (2) believes that there are no arguable grounds to be advanced on appeal; and (3) forwarded to Rivera a copy of the brief along with a letter informing Rivera of his right to review the record and to file a pro se brief. *See Anders*, 386 U.S. at 744-45; *see also Stafford v. State*, 813 S.W.2d 503, 509 (Tex. Crim. App. 1991) (en banc); *High*, 573 S.W.2d at 813. No pro se brief has been filed by Rivera.

---

[1] Sentences are to run concurrent.

**B.    Independent Review**

The United States Supreme Court has advised appellate courts that upon receiving a "frivolous appeal" brief, they must conduct "a full examination of all the proceedings to decide whether the case is wholly frivolous." *Penson v. Ohio*, 488 U.S. 75, 80 (1988); *see Ybarra v. State*, 93 S.W.3d 922, 926 (Tex. App.–Corpus Christi 2003, no pet.). Accordingly, we have carefully reviewed the record and have found nothing that would arguably support an appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 826 (Tex. Crim. App. 2005); *Stafford*, 813 S.W.2d at 509. We agree with counsel that the appeal is wholly frivolous and without merit. *See Bledsoe*, 178 S.W.3d at 827-28 ("Due to the nature of *Anders* briefs, by indicating in the opinion that it considered the issues raised in the briefs and reviewed the record for reversible error but found none, the court of appeals met the requirements of Texas Rule of Appellate Procedure 47.1.").

## II. CONCLUSION

The judgment of the trial court is affirmed. We order counsel to notify appellant of the disposition of this appeal and the availability of discretionary review. *See Ex parte Wilson*, 956 S.W.2d 25, 27 (Tex. Crim. App. 1997) (per curiam). Counsel has requested to withdraw from further representation of Rivera on appeal. We grant counsel's motion to withdraw. All other relief not granted is hereby denied.[2]

_____
GINA M. BENAVIDES
Justice

Do not publish.
*See* TEX. R. APP. P. 47.2(b).

Memorandum Opinion delivered and
filed this the 29th day of May, 2008.

---

[2]Appellant filed a pro se motion requesting new appellate counsel to obtain a reduction of his sentence.