

NUMBER 13-07-504-CR

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI – EDINBURG

---

JAMES RUSSELL LYNN,                                                                 Appellant,

v.

THE STATE OF TEXAS,                                                                 Appellee.

---

On appeal from the 36th District Court of Aransas County, Texas.

---

# MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Garza and Benavides**
**Memorandum Opinion by Justice Benavides**

On October 20, 2005, James Russell Lynn pleaded guilty to violating a protective order. TEX. PENAL CODE ANN. § 25.07 (Vernon 2003). The trial court deferred adjudication and placed Lynn on community supervision for three years. TEX. CODE CRIM. PROC. ANN. art. 42.12 § 5 (Vernon 2006). As a condition of his community supervision, Lynn was

ordered to attend a licensed drug treatment center where he was to remain until released by the treatment center. Lynn failed to remain in the treatment center and left the State of Texas. The State of Texas filed a motion to revoke Lynn's community supervision and to adjudicate the offense. A hearing was held on August 2, 2007, wherein Lynn pleaded true to the State's allegations. The trial court found that Lynn had violated the terms and conditions of his community supervision and sentenced him to ten years in the Texas Department of Criminal Justice.

Lynn's appellate counsel, concluding that "there are no arguable grounds to be advanced on appeal," filed an *Anders* brief in which he reviewed the merits, or lack thereof, of the appeal.[1] We affirm.

## I. DISCUSSION

### A. Compliance with *Anders v. California*

Lynn's counsel filed an *Anders* brief, in which he concludes there is nothing that merits review on direct appeal. *Anders v. California,* 386 U.S. 738, 744 (1967). Appellant's brief meets the requirements of *Anders*. *Id*. at 744-45; *see High v. State*, 573 S.W.2d 807, 812 (Tex. Crim. App. [Panel Op.] 1978). In compliance with *Anders*, counsel presented a professional evaluation of the record and referred this Court to what, in his opinion, are all issues which might arguably support an appeal. *See Anders*, 386 U.S. at 744; *Currie v. State*, 516 S.W.2d 684, 684 (Tex. Crim. App. 1974); *see also High*, 573 S.W.2d at 812.

---

[1] *Anders v. California,* 386 U.S. 738, 744 (1967)

2

Counsel has informed this Court that he: (1) has diligently read and reviewed the record and the circumstances of Lynn's conviction, including the hearing at which Lynn entered his plea and the sentencing hearing; (2) believes that there are no arguable grounds to be advanced on appeal; and (3) forwarded to Lynn a copy of the brief along with a letter informing Lynn of his right to review the record and to file a pro se brief. *See Anders*, 386 U.S. at 744-45; *see also Stafford v. State*, 813 S.W.2d 503, 509 (Tex. Crim. App. 1991) (en banc); *High*, 573 S.W.2d at 813. No pro se brief has been filed by Lynn.

## B. Independent Review

The United States Supreme Court has advised appellate courts that upon receiving a "frivolous appeal" brief, they must conduct "a full examination of all the proceedings to decide whether the case is wholly frivolous." *Penson v. Ohio*, 488 U.S. 75, 80 (1988); *see Ybarra v. State*, 93 S.W.3d 922, 926 (Tex. App.–Corpus Christi 2003, no pet.). Accordingly, we have carefully reviewed the record and have found nothing that would arguably support an appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 826 (Tex. Crim. App. 2005); *Stafford*, 813 S.W.2d at 509. We agree with counsel that the appeal is wholly frivolous and without merit. *See Bledsoe*, 178 S.W.3d at 827-28 ("Due to the nature of *Anders* briefs, by indicating in the opinion that it considered the issues raised in the briefs and reviewed the record for reversible error but found none, the court of appeals met the requirements of Texas Rule of Appellate Procedure 47.1.").

## II. CONCLUSION

The judgment of the trial court is affirmed. We order counsel to notify appellant of the disposition of this appeal and the availability of discretionary review. *See Ex parte Wilson*, 956 S.W.2d 25, 27 (Tex. Crim. App. 1997) (per curiam). Counsel has requested

to withdraw from further representation of Lynn on appeal.  We grant counsel's motion to withdraw.

_____
GINA M. BENAVIDES
Justice

Do not publish.
*See* Tex. R. App. P. 47.2(b).

Memorandum Opinion delivered and
filed this the 12th day of June, 2008.

4