

**NUMBER 13-07-036-CR**

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

---

**CHESTER DALE BLEVINS,**                            **Appellant,**

**v.**

**THE STATE OF TEXAS,**                                   **Appellee.**

---

**On appeal from the 221st District Court
of Montgomery County, Texas.**

---

# MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Yañez and Benavides
Memorandum Opinion by Justice Benavides**

On November 28, 2006, after a jury trial, Chester Dale Blevins was found guilty of theft. TEX. PENAL CODE ANN. § 31.03(a) (Vernon Supp. 2007). Blevins pleaded true to four enhancement paragraphs. The trial court sentenced him to nine years in the Texas

Department of Criminal Justice. Blevins's appointed trial counsel was Dexter M. Patterson. The court then appointed appellate counsel, Benton Baker, IV, who filed his brief on January 28, 2008. Blevins's appellate counsel, concluding that "there are no arguable grounds to be advanced on appeal," filed an *Anders* brief in which he reviewed the merits, or lack thereof, of the appeal.[1] We affirm.

## I. DISCUSSION

### A.    Compliance with *Anders v. California*

Blevins's appellate counsel filed an *Anders* brief, in which he concludes there is nothing that merits review on direct appeal. *Anders v. California,* 386 U.S. 738, 744 (1967). Blevins's appellate brief meets the requirements of *Anders*. *Id*. at 744-45; *see High v. State*, 573 S.W.2d 807, 812 (Tex. Crim. App. [Panel Op.] 1978). In compliance with *Anders*, counsel presented a professional evaluation of the record and referred this Court to what, in his opinion, are all issues which might arguably support an appeal. *See Anders*, 386 U.S. at 744; *Currie v. State*, 516 S.W.2d 684, 684 (Tex. Crim. App. 1974); *see also High*, 573 S.W.2d at 812.

Counsel has informed this Court that he: (1) has diligently read and reviewed the record and the circumstances of Blevin's conviction, including the hearing at which Blevins entered his plea and the sentencing hearing; (2) believes that there are no arguable grounds to be advanced on appeal; and (3) forwarded to Blevins a copy of the brief along with a letter informing Blevins of his right to review the record and to file a pro se brief. *See Anders*, 386 U.S. at 744-45; *see also Stafford v. State*, 813 S.W.2d 503, 509 (Tex. Crim.

---

[1] *Anders v. California,* 386 U.S. 738, 744 (1967)

2

App. 1991) (en banc); *High*, 573 S.W.2d at 813.

On March 17, 2008, Blevins filed a pro se brief in which he alleged (1) that his due process rights were violated because he was not afforded an "examining cause hearing," (2) that he received ineffective assistance of counsel, (3) that the evidence was legally and factually insufficient, and (4) that the trial court improperly admitted evidence of his prior criminal convictions.[2]

## B. Independent Review

The United States Supreme Court has advised appellate courts that upon receiving a "frivolous appeal" brief, they must conduct "a full examination of all the proceedings to decide whether the case is wholly frivolous." *Penson v. Ohio*, 488 U.S. 75, 80 (1988); *Ybarra v. State*, 93 S.W.3d 922, 926 (Tex. App.–Corpus Christi 2003, no pet.). Accordingly, we have carefully reviewed the record and have found nothing that would arguably support an appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 826 (Tex. Crim. App. 2005); *Stafford*, 813 S.W.2d at 509. We agree with counsel that the appeal is wholly frivolous and without merit. *See Bledsoe*, 178 S.W.3d at 827-28 ("Due to the nature of *Anders* briefs, by indicating in the opinion that it considered the issues raised in the briefs and reviewed the record for reversible error but found none, the court of appeals met the requirements of Texas Rule of Appellate Procedure 47.1.").

## II. CONCLUSION

The judgment of the trial court is affirmed. We order counsel to notify appellant of the disposition of this appeal and the availability of discretionary review. *See Ex parte*

---

[2] Even though Blevins's brief contains numerous formal defects and is not in compliance with the appellate rules of procedure, the Court did consider his arguments in the independent review. *See* TEX. R. APP. P. 38.9.

*Wilson*, 956 S.W.2d 25, 27 (Tex. Crim. App. 1997) (per curiam).  Counsel has filed a motion to withdraw from further representation of Blevins on appeal.  Counsel's motion to withdraw is granted.  *In re Schulman,* 252 S.W.3d 403, 410 (Tex. Crim. App. 2008).  All other motions are hereby denied.

 

_____
GINA M. BENAVIDES
Justice

Do not publish.
*See* TEX. R. APP. P. 47.2(b).

Memorandum Opinion delivered and
filed this the 7th day of August, 2008.