NUMBER 13-08-062-CR and 13-08-063-CR



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG 


 


ADAM CANTU, Appellant,


v.



THE STATE OF TEXAS, Appellee.

 


On appeal from the 117th District Court 

of Nueces County, Texas.

 


MEMORANDUM OPINION


Before Justices Rodriguez, Garza, and Vela


Memorandum Opinion by Justice Vela




 Appellant, Adam Cantu, was convicted of the offense of burglary in February of
2007 and sentenced to eight years' confinement in prison, probated for five years. See
Tex. Penal Code Ann. § 30.02 (Vernon Supp. 2007). In April of 2007, Cantu pleaded guilty
to the offense of second degree robbery and was sentenced to a concurrent sentence of
eight years' confinement, probated for five years. See id. § 29.02 (Vernon 2003). In
November of 2007, the State filed a motion to revoke Cantu's probation in both cases,
alleging that Cantu had violated his probation by committing a new offense, failing to report
to his probation officer, failure to pay supervision fees, and failing to appear in court for a
review hearing. In January of 2008, the trial court held a hearing on Cantu's motions to
revoke at which time appellant pleaded "true" to the allegations. The trial court found the
allegations to be "true," revoked Cantu's probation, and sentenced him to two concurrent
sentences of eight years' confinement in the Institutional Division of the Texas Department
of Criminal Justice. Concluding that "there are no meritorious issues for appeal,"
appellant's counsel filed a brief in which she reviewed the merits, or lack thereof, of the
appeals. The State agrees with counsel's conclusion that there are no meritorious grounds
for appeal. We affirm.

I. Compliance with Anders v. California

 Appellant's court-appointed counsel filed an Anders brief in which she has
concluded that there are no appealable issues for this Court to consider. See Anders v.
California, 386 U.S. 738, 744 (1967). Appellant's brief meets the requirements of Anders. 
See id. at 744-45; see High v. State, 573 S.W.2d 807, 812 (Tex. Crim. App. [Panel Op.]
1978). In compliance with Anders, following her review of the court's file and the
transcripts, her research, and her correspondence with appellant, counsel presented a
professional evaluation of the record, including, among other things, a review of grand jury
proceedings, pre-trial motions, research and investigation, competency, sentencing, right
to present evidence during the guilt/innocence and punishment stages, and right to appeal. 
See Anders, 386 U.S. at 744; Currie v. State, 516 S.W.2d 684, 684 (Tex. Crim. App.
1974); see also High, 573 S.W.2d at 812.

 Counsel has informed this Court that she has reviewed the appellate records and
concludes there are no arguable grounds for reversal. She has also informed this Court
that she provided appellant with a copy of the transcripts in his case and notified appellant
of his right to review the records and to file a pro se response to counsel's brief and motion
to withdraw. See Anders, 386 U.S. at 744-45; see also Stafford v. State, 813 S.W.2d 503,
509 (Tex. Crim. App. 1991) (en banc); High, 573 S.W.2d at 813. More than thirty days
have passed, and no pro se brief has been filed.

II. Independent Review

 The United States Supreme Court advised appellate courts that upon receiving a
"frivolous appeal" brief, they must conduct "a full examination of all the proceedings to
decide whether the case is wholly frivolous." Penson v. Ohio, 488 U.S. 75, 80 (1988); see
Ybarra v. State, 93 S.W.3d 922, 926 (Tex. App.-Corpus Christi 2003, no pet.). 
Accordingly, we have carefully reviewed the records and have found nothing that would
arguably support an appeal in either case. See Bledsoe v. State, 178 S.W.3d 824, 826
(Tex. Crim. App. 2005); Stafford, 813 S.W.2d at 509. We agree with counsel that the
appeals are wholly frivolous and without merit. See Bledsoe, 178 S.W.3d at 827-28 ("Due
to the nature of Anders briefs, by indicating in the opinion that it considered the issues
raised in the briefs and reviewed the record for reversible error but found none, the court
of appeals met the requirements of Texas Rule of Appellate Procedure 47.1.").

III. Conclusion

 The judgments of the trial court are affirmed. Additionally, appellant's counsel's
motion to withdraw as appellate counsel is hereby granted. We order counsel to notify
appellant of the disposition of his appeals and of the availability of discretionary review. 
See In re K.D., S.D., and J.R., 127 S.W.2d 66, 68 n.3 (Tex. App.-Houston [1st Dist.] 2003,
no pet.) (citing Ex parte Wilson, 956 S.W.2d 25, 27 (Tex. Crim. App. 1997) (en banc) (per
curiam)).



 

 ROSE VELA 

 Justice




Do not publish.

Tex. R. App. P. 47.2(b).


Memorandum Opinion delivered and

filed this the 28th day of August, 2008.