NUMBER 13-06-650-CR 



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG 


 


BEN MARSHALL, JR., Appellant,


v.



THE STATE OF TEXAS, Appellee.

 


On appeal from the 28th District Court 

of Nueces County, Texas

 


MEMORANDUM OPINION


Before Justices Yañez, Rodriguez, and Garza


Memorandum Opinion by Justice Rodriguez



 On November 1, 2006, after a bench trial, the court found appellant, Ben
Marshall, Jr., guilty of possession of a firearm, a third-degree felony, and that he was
a habitual felony offender. See Tex. Pen. Code Ann. §§ 12.42(d), 46.04 (Vernon
Supp. 2006). The trial court sentenced appellant to 25-years' incarceration in the
Texas Department of Corrections. Appellant's counsel filed an Anders brief in which
she presented two arguable grounds of error. We affirm.

I. Compliance with Anders v. California

 Appellant's court-appointed counsel filed a brief in which she has concluded that
the appeal presents no legally nonfrivolous question. Anders v. California, 386 U.S.
738, 744 (1967). Appellant's brief meets the requirements of Anders. Id. at 744-45;
see High v. State, 573 S.W.2d 807, 812 (Tex. Crim. App. [Panel Op.] 1978). In
compliance with Anders, counsel presented a professional evaluation of the record and
referred this Court to what, in her opinion, are all issues which might arguably support
an appeal. See Anders, 386 U.S. at 744; Currie v. State, 516 S.W.2d 684, 684 (Tex.
Crim. App. 1974); see also High, 573 S.W.2d at 812. Counsel has informed the
Court that she notified appellant of the following: (1) after reviewing the record, she
was unable to find a meritorious basis for appeal; (2) she is requesting to withdraw as
counsel; and (3) appellant has the right to review the appellate record and to file a pro
se brief. See Anders, 386 U.S. at 744-45; see also Stafford v. State, 813 S.W.2d
503, 509 (Tex. Crim. App. 1991) (en banc); High, 573 S.W.2d at 813. Counsel has
forwarded appellant a copy of the brief that sets forth all issues which might arguably
support an appeal and a copy of her motion to withdraw as attorney of record. She
has also made the record available to appellant. More than thirty days have passed,
and appellant has not filed any pro se brief. See Anders, 386 U.S. at 744-45; see also
High, 573 S.W.2d at 813.

II. Discussion

 In compliance with Anders, counsel raises and reviews the following issues as
possible grounds for our review: (1) whether the trial court erred or abused its
discretion in denying appellant's motion to suppress; and (2) whether there was legally
or factually sufficient evidence to support the mens rea requirement of the offense. 
Counsel notes that while the evidence at the motion to suppress was marginal in
indicating that there was a reasonable suspicion of imminent criminal conduct, the
additional evidence admitted at trial when they re-litigated the suppression issue
bolstered the State's position. As counsel concludes, the scope of review and
harmless error rule thus prevent an argument based solely on the truncated evidence
offered at the hearing on the motion to suppress. See Rachal v. State, 917 S.W.2d
799, 809 (Tex. Crim. App. 1996) (en banc) (holding that it is unreasonable to ignore
trial evidence in the review of the court's suppression decision only to be confronted
by that trial evidence in the determination of whether the error was harmless). 
Additionally, while the evidence was conflicting on whether appellant intentionally,
knowingly, or recklessly possessed the firearm, the evidentiary standards on this issue
allow inferences to show appellant's culpable mental state. See Hernandez v. State,
819 S.W.2d 806, 810 (Tex. Crim. App. 1991) ("Mental culpability is of such a nature
that it generally must be inferred from the circumstances under which a prohibited act
or omission occurs."). Based on her analysis, counsel informs this Court that these
issues appear to be without merit.

 The Supreme Court advised appellate courts that upon receiving a "frivolous
appeal" brief, they must conduct "a full examination of all the proceeding[s] to decide
whether the case is wholly frivolous." Penson v. Ohio, 488 U.S. 75, 80 (1988); see
Ybarra v. State, 93 S.W.3d 922, 926 (Tex. App.-Corpus Christi 2003, no pet.). 
Accordingly, we have carefully reviewed the record and have considered the issues
raised in the brief, and we have found nothing that would arguably support an appeal. 
See Stafford, 813 S.W.2d at 509. We agree with counsel that there is no basis for
presenting any legally nonfrivolous issue and conclude the appeal is wholly frivolous
and without merit. See Bledsoe v. State, 178 S.W.3d 824, 827-28 (Tex. Crim. App. 2005)
("Due to the nature of Anders briefs, by indicating in the opinion that it considered the
issues raised in the briefs and reviewed the record for reversible error but found none, the
court of appeals met the requirements of Texas Rule of Appellate Procedure 47.1.").

III. Conclusion

 The judgment of the trial court is affirmed. Additionally, in accordance with Anders,
appellant's counsel filed a motion requesting permission to withdraw as counsel for
appellant. See Anders, 386 U.S. at 744. Having carried that motion with the case, we now
grant counsel's motion to withdraw. We order counsel to notify appellant of the disposition
of this appeal and of the availability of discretionary review. See Ex parte Wilson, 956
S.W.2d 25, 27 (Tex. Crim. App. 1997) (en banc) (per curiam).

 

 NELDA V. RODRIGUEZ

 Justice


Do not publish. 

Tex. R. App. P. 47.2(b).


Memorandum Opinion delivered and 

filed this 2nd day of August, 2007.