NUMBER 13-06-309-CR 



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG 


 


JUAN MANUEL RODRIGUEZ, Appellant,


v.



THE STATE OF TEXAS, Appellee.

 


On appeal from the 299th District Court 

of Travis County, Texas

 


MEMORANDUM OPINION


Before Justices Rodriguez, Garza, and Vela


Memorandum Opinion by Justice Rodriguez



 Appellant, Juan Manuel Rodriguez, appeals from his conviction of aggravated
sexual assault of a child. After entering a plea of not guilty, the jury found appellant guilty
and sentenced him to 75 years in prison. Concluding that "the record contains no
reversible error and no jurisdictional defects," appellant's counsel filed a brief in which he
reviewed the merits, or lack thereof, of the appeal. We affirm.

I. Compliance with Anders v. California

 Appellant's court-appointed counsel filed an Anders brief in which he has reluctantly
concluded that there are no arguable grounds for reversal. Anders v. California, 386 U.S.
738, 744 (1967). Appellant's brief meets the requirements of Anders. Id. at 744-45; see
High v. State, 573 S.W.2d 807, 812 (Tex. Crim. App. [Panel Op.] 1978). In compliance
with Anders, counsel presented a professional evaluation of the record and referred this
Court to what, in his opinion, are all issues which might arguably support an appeal
including sufficiency of the evidence, jury composition, examination of venirepersons,
denial of defense challenges to venirepersons, the State's opening statement, examination
of Officer Jeffrey Page, the State's final argument, and limitations. See Anders, 386 U.S.
at 744; Currie v. State, 516 S.W.2d 684, 684 (Tex. Crim. App. 1974); see also High, 573
S.W.2d at 812. The State filed a brief agreeing that the record does not disclose any
meritorious or arguable error upon which this Court may grant relief.

 Counsel has informed this Court that he has reviewed the appellate record and
concludes there are no arguable grounds for reversal and that he forwarded to appellant
a copy of the brief and his motion to withdraw with a letter informing appellant of his right
to review the record and to file a pro se brief. See Anders, 386 U.S. at 744-45; see also
Stafford v. State, 813 S.W.2d 503, 509 (Tex. Crim. App. 1991) (en banc); High, 573
S.W.2d at 813.

II. Pro Se Brief

 Appellant filed a pro se brief urging four issues. He complains of the composition
of the jury, a comment made by the State during its final argument, and the examination
of Officer Page. Appellant also asserts ineffective assistance of counsel, contending that
counsel did not allow appellant to testify and allegedly failed to call witnesses during the
guilt/innocence phase of the trial causing the jury only to hear the "bad" side of appellant. 
He also complains that counsel was ineffective because he asked questions of appellant's
daughter that were irrelevant and, during closing argument, offered an explanation for the
crime that was without proof. (1)

III. Independent Review

 The United States Supreme Court advised appellate courts that upon receiving a
"frivolous appeal" brief, they must conduct "a full examination of all the proceedings to
decide whether the case is wholly frivolous." Penson v. Ohio, 488 U.S. 75, 80 (1988); see
Ybarra v. State, 93 S.W.3d 922, 926 (Tex. App.-Corpus Christi 2002, no pet.). 
Accordingly, we have carefully reviewed the record and have found nothing that would
arguably support an appeal. (2) See Bledsoe v. State, 178 S.W.3d 824, 826 (Tex. Crim. App.
2005); Stafford, 813 S.W.2d at 509. We agree with counsel that the appeal is wholly
frivolous and without merit. See Bledsoe, 178 S.W.3d at 827-28 ("Due to the nature of
Anders briefs, by indicating in the opinion that it considered the issues raised in the briefs
and reviewed the record for reversible error but found none, the court of appeals met the
requirements of Texas Rule of Appellate Procedure 47.1.").

IV. Conclusion

 The judgment of the trial court is affirmed. Additionally, appellant's counsel's motion
to withdraw as appellate counsel was carried with the case on October 18, 2007. See
Anders, 386 U.S. at 744. Having affirmed the judgment, we now grant counsel's motion
to withdraw. We order counsel to notify appellant of the disposition of this appeal and of
the availability of discretionary review. See In re K.D., S.D., and J.R., 127 S.W.3d 66, 68
n.3 (Tex. App. -Houston [1st Dist.] 2003, no pet.) (citing Ex parte Wilson, 956 S.W.2d 25,
27 (Tex. Crim. App. 1997) (en banc) (per curiam)). 

 NELDA V. RODRIGUEZ

 Justice


Do not publish. 

Tex. R. App. P. 47.2(b).


Memorandum Opinion delivered and 

filed this 20th day of December, 2007.
1. In his pro se brief, appellant provided only unsupported contentions. Thus, appellant's briefing was
inadequate. See Tex. R. App. P. 38.1(h) (setting out that we will only consider contentions that are supported
by clear and concise arguments with appropriate citations to authorities and to the record). 
2. Although appellant's attempt at a direct appeal has been unsuccessful he is not without a potential
remedy. Challenges requiring development of a record to substantiate a claim such as ineffective assistance
of counsel may be raised in an application for writ of habeas corpus. See Tex. Code Crim. Proc. Ann. art.
11.07 (Vernon 2005); Cooper v. State, 45 S.W.3d 77, 82 (Tex. Crim. App. 2001); Ex parte Torres, 943 S.W.2d
469, 476 (Tex. Crim. App. 1997). An application for writ of habeas corpus relief would "provide an opportunity
to conduct a dedicated hearing to consider the facts, circumstances, and rationale behind counsel's actions
at . . . trial." Thompson v. State, 9 S.W.3d 808, 814-15 (Tex. Crim. App. 1999).