

NUMBERS 13-07-616-CR and 13-07-617-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

| | |
|---|---|
| LYNETTE MARIE GENTRY AKA LYNETTE MARIE FLORES, | Appellant, |
| v. | |
| THE STATE OF TEXAS, | Appellee. |

### On appeal from the 252nd District Court of Jefferson County, Texas

# MEMORANDUM OPINION

### Before Justices Yañez, Rodriguez, and Vela
### Memorandum Opinion by Justice Vela

Appellant, Lynette Marie Gentry, was indicted for the criminal offense of aggravated

robbery. On June 4, 2007, the trial court deferred adjudication and placed appellant on

probation for ten years.  In September 2007, appellant pleaded "true" to two allegations in the State's motion to revoke probation–not reporting and having drugs in her urine.  The trial court found both allegations "true," adjudicated appellant's guilt, and sentenced appellant to ten years' confinement in the Institutional Division of the Department of Criminal Justice.  Concluding that "there are no meritorious issues for appeal," appellant's counsel filed a brief in which he reviewed the merits, or lack thereof, of the appeal.  The State agrees with counsel's conclusion that there are no meritorious grounds for appeal.  We affirm.

I.  Compliance with *Anders v. California*

Appellant's court-appointed counsel filed an *Anders* brief in which he has concluded that there are no appealable issues for this Court to consider.  *Anders v. California*, 386 U.S. 738, 744 (1967).  Appellant's brief meets the requirements of *Anders*.  *Id*. at 744-45; *see High v. State*, 573 S.W.2d 807, 812 (Tex. Crim. App. [Panel Op.] 1978).  In compliance with *Anders*, following his review of the court's file and the transcripts, his research, and his correspondence with appellant, counsel presented a professional evaluation of the record including, among other things, a review of grand jury proceedings, pre-trial motions, research and investigation, competency, sentencing, right to present evidence during the guilt/innocence and punishment stages, and right to appeal.  *See Anders*, 386 U.S. at 744; *Currie v. State*, 516 S.W.2d 684, 684 (Tex. Crim. App. 1974); *see also High*, 573 S.W.2d at 812.

Counsel has informed this Court that he has reviewed the appellate record and concludes there are no arguable grounds for reversal.  He has also informed this Court that he provided appellant with a copy of the transcripts in his case and notified appellant of his right to review the record and to file a pro se response to counsel's brief and motion to

2

withdraw.  *See Anders*, 386 U.S. at 744-45; *see also Stafford v. State*, 813 S.W.2d 503, 509 (Tex. Crim. App. 1991) (en banc); *High*, 573 S.W.2d at 813.  More than thirty days have passed, and no pro se brief has been filed.

## II. Independent Review

The United States Supreme Court advised appellate courts that upon receiving a "frivolous appeal" brief, they must conduct "a full examination of all the proceedings to decide whether the case is wholly frivolous." *Penson v. Ohio*, 488 U.S. 75, 80 (1988); *see Ybarra v. State*, 93 S.W.3d 922, 926 (Tex. App.–Corpus Christi 2003, no pet.). Accordingly, we have carefully reviewed the record and have found nothing that would arguably support an appeal.  *See Bledsoe v. State*, 178 S.W.3d 824, 826 (Tex. Crim. App. 2005); *Stafford*, 813 S.W.2d at 509.  We agree with counsel that the appeal is wholly frivolous and without merit.  *See Bledsoe*, 178 S.W.3d at 827-28 ("Due to the nature of *Anders* briefs, by indicating in the opinion that it considered the issues raised in the briefs and reviewed the record for reversible error but found none, the court of appeals met the requirements of Texas Rule of Appellate Procedure 47.1.").

## III. Conclusion

The judgments of the trial court are affirmed.  Additionally, appellant's counsel's motion to withdraw as appellate counsel is hereby granted.  We order counsel to notify appellant of the disposition of this appeal and of the availability of discretionary review. *See In re K.D., S.D., and J.R.*, 127 S.W.2d 66, 68 n.3 (Tex. App.–Houston [1st Dist.] 2003,

3

no pet.) (citing *Ex parte Wilson*, 956 S.W.2d 25, 27 (Tex. Crim. App. 1997) (en banc) (per curiam)).

_____

_____
_____                                    ROSE VELA
_____Justice


Do not publish.
TEX. R. APP. P. 47.2(b).

Memorandum Opinion delivered and
filed this 8th day of May, 2008.

4