NUMBER 13-07-504-CR


 

COURT OF APPEALS


 

THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG


 


JAMES RUSSELL LYNN, Appellant,


v.



THE STATE OF TEXAS, Appellee.

 


On appeal from the 36th District Court of Aransas County, Texas.


 


MEMORANDUM OPINION



Before Chief Justice Valdez and Justices Garza and Benavides


Memorandum Opinion by Justice Benavides



 On October 20, 2005, James Russell Lynn pleaded guilty to violating a protective
order. Tex. Penal Code Ann. § 25.07 (Vernon 2003). The trial court deferred adjudication
and placed Lynn on community supervision for three years. Tex. Code Crim. Proc. Ann.
art. 42.12 § 5 (Vernon 2006). As a condition of his community supervision, Lynn was
ordered to attend a licensed drug treatment center where he was to remain until released
by the treatment center. Lynn failed to remain in the treatment center and left the State
of Texas. The State of Texas filed a motion to revoke Lynn's community supervision and
to adjudicate the offense. A hearing was held on August 2, 2007, wherein Lynn pleaded
true to the State's allegations. The trial court found that Lynn had violated the terms and
conditions of his community supervision and sentenced him to ten years in the Texas
Department of Criminal Justice. 

 Lynn's appellate counsel, concluding that "there are no arguable grounds to be
advanced on appeal," filed an Anders brief in which he reviewed the merits, or lack thereof,
of the appeal. (1) We affirm.

I. DISCUSSION


A. Compliance with Anders v. California

 Lynn's counsel filed an Anders brief, in which he concludes there is nothing that
merits review on direct appeal. Anders v. California, 386 U.S. 738, 744 (1967). Appellant's 
brief meets the requirements of Anders. Id. at 744-45; see High v. State, 573 S.W.2d 807,
812 (Tex. Crim. App. [Panel Op.] 1978). In compliance with Anders, counsel presented
a professional evaluation of the record and referred this Court to what, in his opinion, are
all issues which might arguably support an appeal. See Anders, 386 U.S. at 744; Currie
v. State, 516 S.W.2d 684, 684 (Tex. Crim. App. 1974); see also High, 573 S.W.2d at 812.

 

 

 Counsel has informed this Court that he: (1) has diligently read and reviewed the
record and the circumstances of Lynn's conviction, including the hearing at which Lynn
entered his plea and the sentencing hearing; (2) believes that there are no arguable
grounds to be advanced on appeal; and (3) forwarded to Lynn a copy of the brief along
with a letter informing Lynn of his right to review the record and to file a pro se brief. See
Anders, 386 U.S. at 744-45; see also Stafford v. State, 813 S.W.2d 503, 509 (Tex. Crim.
App. 1991) (en banc); High, 573 S.W.2d at 813. No pro se brief has been filed by Lynn. 

B. Independent Review

 The United States Supreme Court has advised appellate courts that upon receiving
a "frivolous appeal" brief, they must conduct "a full examination of all the proceedings to
decide whether the case is wholly frivolous." Penson v. Ohio, 488 U.S. 75, 80 (1988); see
Ybarra v. State, 93 S.W.3d 922, 926 (Tex. App.-Corpus Christi 2003, no pet.). 
Accordingly, we have carefully reviewed the record and have found nothing that would
arguably support an appeal. See Bledsoe v. State, 178 S.W.3d 824, 826 (Tex. Crim. App.
2005); Stafford, 813 S.W.2d at 509. We agree with counsel that the appeal is wholly
frivolous and without merit. See Bledsoe, 178 S.W.3d at 827-28 ("Due to the nature of
Anders briefs, by indicating in the opinion that it considered the issues raised in the briefs
and reviewed the record for reversible error but found none, the court of appeals met the
requirements of Texas Rule of Appellate Procedure 47.1.").

II. CONCLUSION

 The judgment of the trial court is affirmed. We order counsel to notify appellant of
the disposition of this appeal and the availability of discretionary review. See Ex parte
Wilson, 956 S.W.2d 25, 27 (Tex. Crim. App. 1997) (per curiam). Counsel has requested
to withdraw from further representation of Lynn on appeal. We grant counsel's motion to
withdraw. 


 __________________________

 GINA M. BENAVIDES

 Justice

Do not publish.

See Tex. R. App. P. 47.2(b).


Memorandum Opinion delivered and

filed this the 12th day of June, 2008.


1. Anders v. California, 386 U.S. 738, 744 (1967)