

NUMBER 13-06-00434-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

---

**CARL WILLARD COLGIN, JR.,**        **Appellant,**

**v.**

**THE STATE OF TEXAS,**        **Appellee.**

---

### On appeal from the 24th District Court
### of Goliad County, Texas.

---

# MEMORANDUM OPINION

### Before Justices Rodriguez, Garza, and Vela
### Memorandum Opinion by Justice Rodriguez

This is an appeal of a conviction for indecency with a child. *See* TEX. PENAL CODE ANN. § 21.11 (Vernon 2003). Following a bench trial, appellant, Carl Willard Colgin, Jr., was found guilty, and the trial court sentenced him to a mandatory life sentence in the Texas Department of Criminal Justice, Institutional Division. Appellant's counsel filed an *Anders* brief in which she has concluded that there are no issues which might arguably support an appeal. We affirm.

I. Compliance with *Anders v. California*

Appellant's court-appointed counsel filed a brief in which she has concluded that the appeal is wholly frivolous and without merit. *See Anders v. California*, 386 U.S. 738, 744 (1967). Appellant's brief meets the requirements of *Anders*. *See id.* at 744-45; *High v. State*, 573 S.W.2d 807, 812 (Tex. Crim. App. [Panel Op.] 1978). Counsel presented a professional evaluation of the record. *See Anders*, 386 U.S. at 744; *Currie v. State*, 516 S.W.2d 684, 684 (Tex. Crim. App. 1974); *see also High*, 573 S.W.2d at 812. Counsel has informed the Court that she notified appellant of the following: (1) after reviewing the record, the appeal is without merit and wholly frivolous; (2) she is requesting to withdraw as counsel; and (3) appellant has the right to review the appellate record and to file a pro se brief. *See Anders*, 386 U.S. at 744-45; *see also Stafford v. State*, 813 S.W.2d 503, 509 (Tex. Crim. App. 1991) (en banc); *High*, 573 S.W.2d at 813. Counsel forwarded appellant a copy of the *Anders* brief and a copy of her motion to withdraw as attorney of record. She has also provided appellant with the address of the District Clerk of Goliad County should he wish to obtain the appellate record in this case. In response to the *Anders* brief, appellant filed a pro se brief. *See Anders*, 386 U.S. at 744-45; *see also High*, 573 S.W.2d at 813.

II. Discussion

In compliance with *Anders*, counsel reviewed the following areas for potential error: jurisdiction, pre-trial matters, voir dire, opening statement, the State's case-in-chief, appellant's case-in-chief, objections ruled adversely to appellant, the trial court's charge, argument of counsel, sufficiency of the evidence, and punishment. Based on her analysis,

counsel informs this Court that she has determined, based on her review, that there are no apparent irregularities requiring reversal or other relief.[1]

Also in compliance with *Anders*, counsel referred this Court to what, in her opinion, was the only issue which might arguably support an appeal, that being ineffective assistance of counsel. *See Anders*, 386 U.S. at 744; *Currie v. State*, 516 S.W.2d 684, 684 (Tex. Crim. App. 1974); *see also High*, 573 S.W.2d at 812.

### III. Pro Se Brief

Appellant urges two issues in his pro se brief. He complains that his right to due process was violated when the State, during opening statement and direct examination of Detective Danny Madrigal, made references to appellant's post-arrest and post-*Miranda* warning silence and linked that silence to the implausibility of appellant's exculpatory story offered at trial. Appellant also asserts that his punishment was illegally enhanced because his deferred adjudication probation for aggravated sexual assault of a child had not been revoked and had not become a final conviction prior to the conviction for the instance indecency with a child charge. Appellant urges this Court to find error, abate this appeal, and remand back to the trial court to appoint new counsel to properly brief this error. The State filed a brief in response to appellant's pro se brief.

### IV. Independent Review

The United States Supreme Court advised appellate courts that upon receiving a "frivolous appeal" brief, they must conduct "a full examination of all the proceeding[s] to decide whether the case is wholly frivolous." *Penson v. Ohio*, 488 U.S. 75, 80 (1988); *see Ybarra v. State*, 93 S.W.3d 922, 926 (Tex. App.–Corpus Christi 2003, no pet.).

---

[1]The State filed a brief in which it concurred that this appeal is without merit.

Accordingly, we have carefully reviewed the record and have considered the issues raised by counsel and by appellant, and we have found nothing that would arguably support an appeal.[2]  *See Stafford*, 813 S.W.2d at 509.  We agree with counsel that there is no basis for presenting any legally non-frivolous issue and conclude the appeal is wholly frivolous and without merit.  *See Bledsoe v. State*, 178 S.W.3d 824, 827-28 (Tex. Crim. App. 2005) ("Due to the nature of *Anders* briefs, by indicating in the opinion that it considered  the issues raised in the briefs and reviewed the record for reversible error but found none, the court of appeals met the requirements of Texas Rule of Appellate Procedure 47.1.").

## III.  Conclusion

The judgment of the trial court is affirmed.  Additionally, in accordance with *Anders*, appellant's counsel filed a motion requesting permission to withdraw as counsel for appellant.  *See Anders*, 386 U.S. at 744.  We grant counsel's motion to withdraw, and order counsel to notify appellant of the disposition of this appeal and of the availability of discretionary review.  *See Ex parte Wilson*, 956 S.W.2d 25, 27 (Tex. Crim. App. 1997) (en banc) (per curiam).

NELDA V. RODRIGUEZ
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

---

[2]Although appellant's attempt at a direct appeal has been unsuccessful he is not without a potential remedy.  Challenges requiring development of a record to substantiate a claim, such as ineffective assistance of counsel, may be raised in an application for writ of habeas corpus.  *See* TEX. CODE CRIM. PROC. ANN. art. 11.07 (Vernon Supp. 2007); *Cooper v. State*, 45 S.W.3d 77, 82 (Tex. Crim. App. 2001); *Ex parte Torres*, 943 S.W.2d 469, 476 (Tex. Crim. App. 1997).  An application for writ of habeas corpus relief would "provide an opportunity to conduct a dedicated hearing to consider the facts, circumstances, and rationale behind counsel's actions at . . . trial." *Thompson v. State*, 9 S.W.3d 808, 814-15 (Tex. Crim. App. 1999).

4

Memorandum Opinion delivered and
filed this 19th day of June, 2008.

5