

NUMBER 13-07-408-CR

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI – EDINBURG

---

**AARON JAMES SALINAS,**                                                                 **Appellant,**

**v.**

**THE STATE OF TEXAS,**                                                                 **Appellee.**

---

**On appeal from the 36th District Court of San Patricio County, Texas.**

---

# MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Yañez and Benavides
Memorandum Opinion by Justice Benavides**

On January 21, 2005, Aaron James Salinas pleaded guilty to burglary of a habitation. TEX. PENAL CODE ANN. § 30.02 (Vernon 2003). The trial court sentenced him to five years imprisonment, probated for five years.

The State of Texas filed a motion to revoke Salinas's probation and to adjudicate the offense. The State alleged four separate violations of probation: 1) failure to report to probation officer, 2) failure to submit to urinalysis, 3) failure to pay probation fees, and 4)

failure to pay fines and court costs. A hearing was held on June 15, 2007, wherein Salinas answered not true to the State's allegations. After hearing all the evidence, the trial court found that Salinas had violated the terms and conditions of his probation, and it reinstated the original sentence of five years in the Texas Department of Criminal Justice.

On March 28, 2008, Salinas's appellate counsel, concluding that "there are no arguable grounds to be advanced on appeal," filed an *Anders* brief in which he reviewed the merits, or lack thereof, of the appeal.[1] We affirm.

## I. DISCUSSION

### A. Compliance with *Anders v. California*

Salinas's counsel filed an *Anders* brief, in which he concludes there is nothing that merits review on direct appeal. *Anders v. California,* 386 U.S. 738, 744 (1967). Salinas's brief meets the requirements of *Anders*. *Id*. at 744-45; *see High v. State*, 573 S.W.2d 807, 812 (Tex. Crim. App. [Panel Op.] 1978). In compliance with *Anders*, counsel presented a professional evaluation of the record and referred this Court to what, in his opinion, are all issues which might arguably support an appeal. *See Anders*, 386 U.S. at 744; *Currie v. State*, 516 S.W.2d 684, 684 (Tex. Crim. App. 1974); *see also High*, 573 S.W.2d at 812.

Counsel has informed this Court that he: (1) has diligently read and reviewed the record and the circumstances of Salinas's conviction, including the hearing at which Salinas entered his plea and the sentencing hearing; (2) believes that there are no arguable grounds to be advanced on appeal; and (3) forwarded to Salinas a copy of the brief along with a letter informing Salinas of his right to review the record and to file a pro se brief. *See Anders*, 386 U.S. at 744-45; *see also Stafford v. State*, 813 S.W.2d 503, 509 (Tex. Crim. App. 1991) (en banc); *High*, 573 S.W.2d at 813. No pro se brief has been filed

---

[1] *Anders v. California,* 386 U.S. 738, 744 (1967)

2

by Salinas.

## B.    Independent Review

The United States Supreme Court has advised appellate courts that upon receiving a "frivolous appeal" brief, they must conduct "a full examination of all the proceedings to decide whether the case is wholly frivolous." *Penson v. Ohio*, 488 U.S. 75, 80 (1988); *Ybarra v. State*, 93 S.W.3d 922, 926 (Tex. App.–Corpus Christi 2003, no pet.). Accordingly, we have carefully reviewed the record and have found nothing that would arguably support an appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 826 (Tex. Crim. App. 2005); *Stafford*, 813 S.W.2d at 509. We agree with counsel that the appeal is wholly frivolous and without merit. *See Bledsoe*, 178 S.W.3d at 827-28 ("Due to the nature of *Anders* briefs, by indicating in the opinion that it considered the issues raised in the briefs and reviewed the record for reversible error but found none, the court of appeals met the requirements of Texas Rule of Appellate Procedure 47.1.").

## II. CONCLUSION

The judgment of the trial court is affirmed. We order counsel to notify appellant of the disposition of this appeal and the availability of discretionary review. *See Ex parte Wilson*, 956 S.W.2d 25, 27 (Tex. Crim. App. 1997) (per curiam). Counsel has filed a motion to withdraw from further representation of Salinas on appeal. Counsel's motion to withdraw is granted. *In re Schulman,* 252 S.W.3d 403, 410 (Tex. Crim. App. 2008).

_____
GINA M. BENAVIDES
Justice

Do not publish.
*See* TEX. R. APP. P. 47.2(b).

Memorandum Opinion delivered and
filed this the 17th day of July, 2008.