

**NUMBER 13-07-00300-CV**

**COURT OF APPEALS**

**THIRTEENTH DISTRICT OF TEXAS**

**CORPUS CHRISTI - EDINBURG**

**IN THE MATTER OF L.T.P., II, A JUVENILE**

**On appeal from the 156th District Court of Bee County, Texas,
Sitting as a Juvenile Court.**

**MEMORANDUM OPINION**

**Before Justices Rodriguez, Garza, and Vela
Memorandum Opinion by Justice Rodriguez**

Appellant, L.T.P., II, a juvenile,[1] was found by a jury to have engaged in delinquent

conduct by committing aggravated assault with a deadly weapon.[2]  *See* TEX. PENAL CODE

ANN. § 22.02(a)(2) (Vernon 2003).  Finding that appellant was in need of rehabilitation and

---

[1]Appellant was fifteen years old at the time of the underlying delinquent conduct.

[2]Appellant had been certified by the grand jury in accordance with section 53.045 of the Texas Family Code.  *See* TEX. FAM. CODE ANN. § 53.045 (Vernon Supp. 2007) (providing for grand jury certification as a violent or habitual felony offender).  In a juvenile proceeding, a petition certified by the grand jury serves as an indictment.  *See id.*; *In the Matter of D.S.*, 833 S.W.2d 250, 252 (Tex. App.–Corpus Christi 1992, pet. ref'd); *In the Matter of R.L.H.*, 771 S.W.2d 697, 699 (Tex. App.–Austin 1989, writ denied) (op. on rehr'g).  The grand jury also indicted appellant for engaging in organized criminal activity.  *See* TEX. PENAL CODE ANN. § 71.02(a)(1) (Vernon Supp. 2007).  The State, however, abandoned this charge before the indictment was read to the jury.

that the protection of the public required a disposition be made concerning appellant, the jury assessed punishment at a term of eleven years in the Texas Youth Commission with a possible transfer to the Institutional Division of the Texas Department of Criminal Justice. Counsel has filed a brief stating that, in his opinion, the appeal is wholly frivolous. We affirm.

## I. Compliance with *Anders v. California*

Appellant's court-appointed counsel filed an *Anders* brief in which he concluded that there is no error upon which an appeal might be based. *Anders v. California*, 386 U.S. 738, 744 (1967); *see In re D.A.S.*, 973 S.W.2d 296, 299 (Tex. 1998) (orig. proceeding) (finding procedures enumerated in *Anders* apply to juvenile matters). Appellant's brief meets the requirements of *Anders*. *Anders*, 386 U.S. at 744-45; *see High v. State*, 573 S.W.2d 807, 812 (Tex. Crim. App. [Panel Op.] 1978). In compliance with *Anders*, counsel presented a professional evaluation of the record including, among other things, the offense, jury charge, and penalty range. *See Anders*, 386 U.S. at 744; *Currie v. State*, 516 S.W.2d 684, 684 (Tex. Crim. App. 1974); *see also High*, 573 S.W.2d at 812.

Counsel certifies that a copy of the brief and his motion to withdraw was delivered to appellant, accompanied by a letter informing appellant of his right to examine the entire appellate record for the purpose of filing a pro se response to counsel's brief. *See Anders*, 386 U.S. at 744-45; *see also Stafford v. State*, 813 S.W.2d 503, 509 (Tex. Crim. App. 1991) (en banc); *High*, 573 S.W.2d at 813. In a letter dated May 30, 2008, this Court advised appellant that his pro se brief, if any, was to be filed by June 30, 2008. No pro se brief has been filed.

## II. Independent Review

The United States Supreme Court advised appellate courts that upon receiving a "frivolous appeal" brief, they must conduct "a full examination of all the proceedings to decide whether the case is wholly frivolous." *Penson v. Ohio*, 488 U.S. 75, 80 (1988); *see Ybarra v. State*, 93 S.W.3d 922, 926 (Tex. App.–Corpus Christi 2003, no pet.). Accordingly, we have carefully reviewed the record and have found nothing that would arguably support an appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 826 (Tex. Crim. App. 2005); *Stafford*, 813 S.W.2d at 509. We agree with counsel that the appeal is frivolous and without merit. *See Bledsoe*, 178 S.W.3d at 827-28 ("Due to the nature of *Anders* briefs, by indicating in the opinion that it considered the issues raised in the briefs and reviewed the record for reversible error but found none, the court of appeals met the requirements of Texas Rule of Appellate Procedure 47.1.").

## III. Conclusion

The judgment of the trial court is affirmed. Additionally, counsel's motion to withdraw as appellate counsel was carried with the case on November 29, 2007. *See Anders*, 386 U.S. at 744. Having affirmed the judgment, we now grant counsel's motion to withdraw. We order counsel to notify appellant of the disposition of this appeal and of the availability of discretionary review. *See In re K.D., S.D., and J.R.*, 127 S.W.2d 66, 68 n.3 (Tex. App.–Houston [1st Dist.] 2003, no pet.) (citing *Ex parte Wilson*, 956 S.W.2d 25, 27 (Tex. Crim. App. 1997) (en banc) (per curiam)).

NELDA V. RODRIGUEZ
Justice

Memorandum Opinion delivered and
filed this 29th day of July, 2008.