NUMBER 13-07-00300-CV



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG


 


IN THE MATTER OF L.T.P., II, A JUVENILE 



On appeal from the 156th District Court of Bee County, Texas,


Sitting as a Juvenile Court.

 


MEMORANDUM OPINION



Before Justices Rodriguez, Garza, and Vela


Memorandum Opinion by Justice Rodriguez



 Appellant, L.T.P., II, a juvenile, (1) was found by a jury to have engaged in delinquent
conduct by committing aggravated assault with a deadly weapon. (2) See Tex. Penal Code
Ann. § 22.02(a)(2) (Vernon 2003). Finding that appellant was in need of rehabilitation and
that the protection of the public required a disposition be made concerning appellant, the
jury assessed punishment at a term of eleven years in the Texas Youth Commission with
a possible transfer to the Institutional Division of the Texas Department of Criminal Justice. 
Counsel has filed a brief stating that, in his opinion, the appeal is wholly frivolous. We
affirm.

I. Compliance with Anders v. California

 Appellant's court-appointed counsel filed an Anders brief in which he concluded that
there is no error upon which an appeal might be based. Anders v. California, 386 U.S.
738, 744 (1967); see In re D.A.S., 973 S.W.2d 296, 299 (Tex. 1998) (orig. proceeding)
(finding procedures enumerated in Anders apply to juvenile matters). Appellant's brief
meets the requirements of Anders. Anders, 386 U.S. at 744-45; see High v. State, 573
S.W.2d 807, 812 (Tex. Crim. App. [Panel Op.] 1978). In compliance with Anders, counsel
presented a professional evaluation of the record including, among other things, the
offense, jury charge, and penalty range. See Anders, 386 U.S. at 744; Currie v. State, 516
S.W.2d 684, 684 (Tex. Crim. App. 1974); see also High, 573 S.W.2d at 812.

 Counsel certifies that a copy of the brief and his motion to withdraw was delivered
to appellant, accompanied by a letter informing appellant of his right to examine the entire
appellate record for the purpose of filing a pro se response to counsel's brief. See Anders,
386 U.S. at 744-45; see also Stafford v. State, 813 S.W.2d 503, 509 (Tex. Crim. App.
1991) (en banc); High, 573 S.W.2d at 813. In a letter dated May 30, 2008, this Court
advised appellant that his pro se brief, if any, was to be filed by June 30, 2008. No pro se
brief has been filed.


II. Independent Review

 The United States Supreme Court advised appellate courts that upon receiving a
"frivolous appeal" brief, they must conduct "a full examination of all the proceedings to
decide whether the case is wholly frivolous." Penson v. Ohio, 488 U.S. 75, 80 (1988); see
Ybarra v. State, 93 S.W.3d 922, 926 (Tex. App.-Corpus Christi 2003, no pet.). 
Accordingly, we have carefully reviewed the record and have found nothing that would
arguably support an appeal. See Bledsoe v. State, 178 S.W.3d 824, 826 (Tex. Crim. App.
2005); Stafford, 813 S.W.2d at 509. We agree with counsel that the appeal is frivolous and
without merit. See Bledsoe, 178 S.W.3d at 827-28 ("Due to the nature of Anders briefs,
by indicating in the opinion that it considered the issues raised in the briefs and reviewed
the record for reversible error but found none, the court of appeals met the requirements
of Texas Rule of Appellate Procedure 47.1.").

III. Conclusion

 The judgment of the trial court is affirmed. Additionally, counsel's motion to
withdraw as appellate counsel was carried with the case on November 29, 2007. See
Anders, 386 U.S. at 744. Having affirmed the judgment, we now grant counsel's motion
to withdraw. We order counsel to notify appellant of the disposition of this appeal and of
the availability of discretionary review. See In re K.D., S.D., and J.R., 127 S.W.2d 66, 68
n.3 (Tex. App.-Houston [1st Dist.] 2003, no pet.) (citing Ex parte Wilson, 956 S.W.2d 25,
27 (Tex. Crim. App. 1997) (en banc) (per curiam)).

 

 NELDA V. RODRIGUEZ

 Justice


Memorandum Opinion delivered and

filed this 29th day of July, 2008.

1. Appellant was fifteen years old at the time of the underlying delinquent conduct.
2. Appellant had been certified by the grand jury in accordance with section 53.045 of the Texas Family
Code. See Tex. Fam. Code Ann. § 53.045 (Vernon Supp. 2007) (providing for grand jury certification as a
violent or habitual felony offender). In a juvenile proceeding, a petition certified by the grand jury serves as
an indictment. See id.; In the Matter of D.S., 833 S.W.2d 250, 252 (Tex. App.-Corpus Christi 1992, pet. ref'd);
In the Matter of R.L.H., 771 S.W.2d 697, 699 (Tex. App.-Austin 1989, writ denied) (op. on rehr'g). The grand
jury also indicted appellant for engaging in organized criminal activity. See Tex. Penal Code Ann. §
71.02(a)(1) (Vernon Supp. 2007). The State, however, abandoned this charge before the indictment was read
to the jury.