

NUMBER 13-07-00590-CR

## COURT OF APPEALS

## THIRTEENTH DISTRICT OF TEXAS

## CORPUS CHRISTI - EDINBURG

RAUL ROSAS, JR.,                                                                  **Appellant,**

**v.**

THE STATE OF TEXAS,                                                              **Appellee.**

### On appeal from the 319th District Court
### of Nueces County, Texas.

## MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Rodriguez and Benavides
Memorandum Opinion by Justice Rodriguez**

Appellant, Raul Rosas, Jr., pleaded guilty to robbery, a second-degree felony. *See*

TEX. PENAL CODE ANN. § 29.02 (Vernon 2003). The trial court sentenced appellant to

twenty years in the Institutional Division of the Texas Department of Criminal Justice. *See*

*id.* § 12.33 (Vernon 2003) (providing for a punishment range of two to twenty years for a

second degree felony). Concluding the appeal is wholly frivolous, appellant's counsel filed a brief presenting one arguable ground of error. We affirm.

## I. Compliance with *Anders v. California*

Appellant's court-appointed counsel filed a request to withdraw as attorney of record and a brief in which she concluded that there is nothing in the record which would support an appeal in this case and that, in her professional opinion, the appeal is wholly frivolous. *Anders v. California*, 386 U.S. 738, 744 (1967). Appellant's brief meets the requirements of *Anders*. *Id*. at 744-45; *see High v. State*, 573 S.W.2d 807, 812 (Tex. Crim. App. [Panel Op.] 1978). In compliance with *Anders*, counsel presented a professional evaluation of the record including, among other things, a review of (1) admonishments given, (2) the explanation of the punishment range and consequences of an open plea provided by the court, (3) the free and voluntary nature of his plea, (4) the sufficiency of the evidence, and (4) the effectiveness of counsel.

Counsel also referred this Court to the following issue which, in her opinion, is the only issue which might arguably support an appeal: whether the trial court abused its discretion when it imposed the maximum sentence of twenty years for appellant's second degree felony offense of robbery. *See Anders*, 386 U.S. at 744; *Currie v. State*, 516 S.W.2d 684, 684 (Tex. Crim. App. 1974); *see also High*, 573 S.W.2d at 812. Counsel notes that any sentence imposed by the trial court is reviewed under an abuse of discretion standard and that the general rule is that a sentence within the statutory range will not be disturbed on appeal. *Jackson v. State*, 680 S.W.2d 809, 814 (Tex. Crim. App. 1984) (en banc). The trial court sentenced appellant within the range of punishment provided by law. *See* TEX. PENAL CODE ANN. §§ 12.33, 29.02.

Counsel has informed this Court that she notified appellant of the following: (1) after reviewing the record, she was unable to find any errors which she felt would support an appeal; (2) she is requesting to withdraw as counsel; and (3) appellant has the right to file a pro se brief. *See Anders*, 386 U.S. at 744-45; *see also Stafford v. State*, 813 S.W.2d 503, 509 (Tex. Crim. App. 1991) (en banc); *High*, 573 S.W.2d at 813. Counsel has also advised this Court that she has forwarded to appellant (1) a copy of the brief which contains her request to withdraw as counsel of record, and (2) copies of the clerk's record and the reporter's record in this appeal. More than thirty days have passed, and appellant has not filed any *pro se* brief. *See Anders*, 386 U.S. at 744-45; *see also High*, 573 S.W.2d at 813.

## II. Independent Review

The Supreme Court has advised appellate courts that upon receiving a "frivolous appeal" brief, they must conduct "a full examination of all the proceeding[s] to decide whether the case is wholly frivolous." *Penson v. Ohio*, 488 U.S. 75, 80 (1988); *see Ybarra v. State*, 93 S.W.3d 922, 926 (Tex. App.–Corpus Christi 2003, no pet.). Accordingly, we have carefully reviewed the record and have considered the issue raised in the brief, and we have found nothing that would arguably support an appeal. *See Stafford*, 813 S.W.2d at 509. We agree with counsel that the appeal is wholly frivolous and conclude the appeal is without merit. *See Bledsoe v. State*, 178 S.W.3d 824, 827-28 (Tex. Crim. App. 2005) ("Due to the nature of *Anders* briefs, by indicating in the opinion that it considered the issues raised in the briefs and reviewed the record for reversible error but found none, the court of appeals met the requirements of Texas Rule of Appellate Procedure 47.1.").

3

## III.  Conclusion

The judgment of the trial court is affirmed.  Additionally, in accordance with *Anders*, appellant's counsel has asked permission to withdraw as counsel for appellant.  *See Anders*, 386 U.S. at 744.  We grant counsel's motion to withdraw.  We order counsel to notify appellant of the disposition of this appeal and of the availability of discretionary review.  *See Ex parte Wilson*, 956 S.W.2d 25, 27 (Tex. Crim. App. 1997) (en banc) (per curiam).

_____

_____

_____
NELDA V. RODRIGUEZ
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Memorandum Opinion delivered and
filed this 22nd day of December, 2008.