NUMBER 13-07-00590-CR 



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG 


 


RAUL ROSAS, JR., Appellant,


v.



THE STATE OF TEXAS, Appellee.

 


On appeal from the 319th District Court 

of Nueces County, Texas.

 


MEMORANDUM OPINION


Before Chief Justice Valdez and Justices Rodriguez and Benavides 


Memorandum Opinion by Justice Rodriguez



 Appellant, Raul Rosas, Jr., pleaded guilty to robbery, a second-degree felony. See
Tex. Penal Code Ann. § 29.02 (Vernon 2003). The trial court sentenced appellant to
twenty years in the Institutional Division of the Texas Department of Criminal Justice. See
id. § 12.33 (Vernon 2003) (providing for a punishment range of two to twenty years for a
second degree felony). Concluding the appeal is wholly frivolous, appellant's counsel filed
a brief presenting one arguable ground of error. We affirm.

I. Compliance with Anders v. California

 Appellant's court-appointed counsel filed a request to withdraw as attorney of record
and a brief in which she concluded that there is nothing in the record which would support
an appeal in this case and that, in her professional opinion, the appeal is wholly frivolous. 
Anders v. California, 386 U.S. 738, 744 (1967). Appellant's brief meets the requirements
of Anders. Id. at 744-45; see High v. State, 573 S.W.2d 807, 812 (Tex. Crim. App. [Panel
Op.] 1978). In compliance with Anders, counsel presented a professional evaluation of the
record including, among other things, a review of (1) admonishments given, (2) the
explanation of the punishment range and consequences of an open plea provided by the
court, (3) the free and voluntary nature of his plea, (4) the sufficiency of the evidence, and
(4) the effectiveness of counsel.

 Counsel also referred this Court to the following issue which, in her opinion, is the
only issue which might arguably support an appeal: whether the trial court abused its
discretion when it imposed the maximum sentence of twenty years for appellant's second
degree felony offense of robbery. See Anders, 386 U.S. at 744; Currie v. State, 516
S.W.2d 684, 684 (Tex. Crim. App. 1974); see also High, 573 S.W.2d at 812. Counsel
notes that any sentence imposed by the trial court is reviewed under an abuse of discretion
standard and that the general rule is that a sentence within the statutory range will not be
disturbed on appeal. Jackson v. State, 680 S.W.2d 809, 814 (Tex. Crim. App. 1984) (en
banc). The trial court sentenced appellant within the range of punishment provided by law. 
See Tex. Penal Code Ann. §§ 12.33, 29.02.

 Counsel has informed this Court that she notified appellant of the following: (1) after
reviewing the record, she was unable to find any errors which she felt would support an
appeal; (2) she is requesting to withdraw as counsel; and (3) appellant has the right to file
a pro se brief. See Anders, 386 U.S. at 744-45; see also Stafford v. State, 813 S.W.2d
503, 509 (Tex. Crim. App. 1991) (en banc); High, 573 S.W.2d at 813. Counsel has also
advised this Court that she has forwarded to appellant (1) a copy of the brief which
contains her request to withdraw as counsel of record, and (2) copies of the clerk's record
and the reporter's record in this appeal. More than thirty days have passed, and appellant
has not filed any pro se brief. See Anders, 386 U.S. at 744-45; see also High, 573 S.W.2d
at 813.

II. Independent Review

 The Supreme Court has advised appellate courts that upon receiving a "frivolous
appeal" brief, they must conduct "a full examination of all the proceeding[s] to decide
whether the case is wholly frivolous." Penson v. Ohio, 488 U.S. 75, 80 (1988); see Ybarra
v. State, 93 S.W.3d 922, 926 (Tex. App.-Corpus Christi 2003, no pet.). Accordingly, we
have carefully reviewed the record and have considered the issue raised in the brief, and
we have found nothing that would arguably support an appeal. See Stafford, 813 S.W.2d
at 509. We agree with counsel that the appeal is wholly frivolous and conclude the appeal
is without merit. See Bledsoe v. State, 178 S.W.3d 824, 827-28 (Tex. Crim. App. 2005)
("Due to the nature of Anders briefs, by indicating in the opinion that it considered the
issues raised in the briefs and reviewed the record for reversible error but found none, the
court of appeals met the requirements of Texas Rule of Appellate Procedure 47.1.").



III. Conclusion

 The judgment of the trial court is affirmed. Additionally, in accordance with Anders,
appellant's counsel has asked permission to withdraw as counsel for appellant. See
Anders, 386 U.S. at 744. We grant counsel's motion to withdraw. We order counsel to
notify appellant of the disposition of this appeal and of the availability of discretionary
review. See Ex parte Wilson, 956 S.W.2d 25, 27 (Tex. Crim. App. 1997) (en banc) (per
curiam).

 

 NELDA V. RODRIGUEZ

 Justice


Do not publish. 

Tex. R. App. P. 47.2(b).


Memorandum Opinion delivered and 

filed this 22nd day of December, 2008.