NUMBERS 13-07-587-CR


 13-07-661-CR


 

COURT OF APPEALS


 

THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG


 


MICHAEL LONGORIA, Appellant,


v.


THE STATE OF TEXAS, Appellee.

 


On appeal from the 117th District Court of Nueces County, Texas.


 


MEMORANDUM OPINION



Before Chief Justice Valdez and Justices Yañez and Benavides


Memorandum Opinion by Justice Benavides



 On December 6, 2002, Michael Longoria pleaded guilty on two counts of robbery. (1) 
See Tex. Penal Code Ann. § 29.02 (Vernon 2003). The trial court sentenced Longoria to
five years' imprisonment and assessed a $500.00 fine. The trial court then suspended the
fine and confinement and placed Longoria on community supervision for five years under
the supervision of the Nueces County Community Supervision and Corrections
Department.

 On March 13, 2007, Longoria pleaded guilty on one count of Tampering with or
Fabricating Physical Evidence. (2) See id. § 37.09 (Vernon Supp. 2008). Longoria was
sentenced again to five years' imprisonment and ordered to pay a $500.00 fine. The trial
court once again suspended the confinement and placed Longoria on community
supervision for five years.

 On August 28, 2007, motions to revoke Longoria's community supervision, in both
trial court cause numbers, were filed. On September 7, 2007, Longoria pleaded true to the
violations alleged in the motions to revoke. Upon finding the allegations in the motions to
revoke to be true, the trial court revoked Longoria's community supervision in both cases. 
In each case, the trial court sentenced Longoria to five years' imprisonment, to run
concurrently. 

 The court appointed appellate counsel, Rick Holstein, who filed his briefs on June
19, 2008. Longoria's appellate counsel, concluding that "there are no arguable grounds
to be advanced on appeal," filed an Anders brief in which he reviewed the merits of both
appeals. (3) We have consolidated the two appeals for decision, and we affirm. 

I. DISCUSSION 

A. Compliance with Anders v. California

 Longoria's appellate counsel filed an Anders brief, in which he concludes there is
nothing that merits review on direct appeal. Anders v. California, 386 U.S. 738, 744
(1967). Longoria's appellate brief meets the requirements of Anders. Id. at 744-45; see
High v. State, 573 S.W.2d 807, 812 (Tex. Crim. App. [Panel Op.] 1978). In compliance
with Anders, counsel presented a professional evaluation of the record and referred this
Court to what, in his opinion, are all issues which might arguably support an appeal. See
Anders, 386 U.S. at 744; Currie v. State, 516 S.W.2d 684, 684 (Tex. Crim. App. 1974); see
also High, 573 S.W.2d at 812. 

 Counsel has informed this Court that he: (1) has diligently read and reviewed the
record and the circumstances of Longoria's revocation, including the hearing at which
Longoria entered his plea and the sentencing hearing; (2) believes that there are no
arguable grounds to be advanced on appeal; and (3) has forwarded to Longoria a copy of
the brief along with a letter informing Longoria of his right to review the record and to file
a pro se brief. See Anders, 386 U.S. at 744-45; see also Stafford v. State, 813 S.W.2d
503, 509 (Tex. Crim. App. 1991); High, 573 S.W.2d at 813.

B. Independent Review

 The United States Supreme Court has advised appellate courts that upon receiving
a "frivolous appeal" brief, they must conduct a "full examination of all the proceedings to
determine whether the case is wholly frivolous." Penson v. Ohio, 488 U.S. 75, 80 (1988);
Ybarra v. State, 93 S.W.3d 922, 926 (Tex. App.-Corpus Christi 2003, no pet.). 
Accordingly, we have carefully reviewed the record and have found nothing that would
arguably support an appeal. See Bledsoe v. State, 178 S.W.3d 824, 826 (Tex. Crim. App.
2005); Stafford, 813 S.W.2d at 509. We agree with counsel that the appeal is wholly
frivolous and without merit. See Bledsoe, 178 S.W.3d at 827-28 ("Due to the nature of
Anders briefs, by indicating in the opinion that it considered the issues raised in the briefs
and reviewed the record for reversible error but found none, the court of appeals met the
requirements of Texas Rule of Appellate Procedure 47.1.").

II. CONCLUSION

 The judgments of the trial court are affirmed. We order counsel to notify appellant
of the disposition of this appeal and the availability of discretionary review. See Ex parte
Wilson, 956 S.W.2d 25, 27 (Tex. Crim. App. 1997) (per curiam). Counsel has filed a
motion to withdraw from further representation of Longoria on appeal. Counsel's motion
to withdraw is granted. See In re Schulman, 252 S.W.3d 403, 410 (Tex. Crim. App. 2008).




 __________________________

 GINA M. BENAVIDES,

 Justice

Do not publish.

See Tex. R. App. P. 47.2(b)


Memorandum Opinion delivered and 

filed this the 30th day of December, 2008.


1. Trial court cause number 02-CR-2812-B. We docketed the appeal from this case as appellate
cause number 13-07-00587-CR.
2. Trial court cause number 06-CR-4586-B. We docketed the appeal from this case as appellate
cause number 13-07-00661-CR.
3. Anders v. California, 386 U.S. 738, 744 (1967).