

## NUMBERS 13-07-587-CR
## 13-07-661-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

---

**MICHAEL LONGORIA,** **Appellant,**

**v.**

**THE STATE OF TEXAS,** **Appellee.**

---

**On appeal from the 117th District Court of Nueces County, Texas.**

---

# MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Yañez and Benavides
Memorandum Opinion by Justice Benavides**

On December 6, 2002, Michael Longoria pleaded guilty on two counts of robbery.[1]

*See* TEX. PENAL CODE ANN. § 29.02 (Vernon 2003).  The trial court sentenced Longoria to

---

[1] Trial court cause number 02-CR-2812-B.  We docketed the appeal from this case as appellate cause number 13-07-00587-CR.

five years' imprisonment and assessed a $500.00 fine. The trial court then suspended the fine and confinement and placed Longoria on community supervision for five years under the supervision of the Nueces County Community Supervision and Corrections Department.

On March 13, 2007, Longoria pleaded guilty on one count of Tampering with or Fabricating Physical Evidence.[2] *See id.* § 37.09 (Vernon Supp. 2008). Longoria was sentenced again to five years' imprisonment and ordered to pay a $500.00 fine. The trial court once again suspended the confinement and placed Longoria on community supervision for five years.

On August 28, 2007, motions to revoke Longoria's community supervision, in both trial court cause numbers, were filed. On September 7, 2007, Longoria pleaded true to the violations alleged in the motions to revoke. Upon finding the allegations in the motions to revoke to be true, the trial court revoked Longoria's community supervision in both cases. In each case, the trial court sentenced Longoria to five years' imprisonment, to run concurrently.

The court appointed appellate counsel, Rick Holstein, who filed his briefs on June 19, 2008. Longoria's appellate counsel, concluding that "there are no arguable grounds to be advanced on appeal," filed an *Anders* brief in which he reviewed the merits of both appeals.[3] We have consolidated the two appeals for decision, and we affirm.

## I.  DISCUSSION

### A.  Compliance with *Anders v. California*

___

[2] Trial court cause number 06-CR-4586-B. We docketed the appeal from this case as appellate cause number 13-07-00661-CR.

[3] *Anders v. California*, 386 U.S. 738, 744 (1967).

Longoria's appellate counsel filed an *Anders* brief, in which he concludes there is nothing that merits review on direct appeal. *Anders v. California*, 386 U.S. 738, 744 (1967). Longoria's appellate brief meets the requirements of *Anders*. *Id.* at 744-45; *see High v. State*, 573 S.W.2d 807, 812 (Tex. Crim. App. [Panel Op.] 1978). In compliance with *Anders*, counsel presented a professional evaluation of the record and referred this Court to what, in his opinion, are all issues which might arguably support an appeal. *See Anders*, 386 U.S. at 744; *Currie v. State*, 516 S.W.2d 684, 684 (Tex. Crim. App. 1974); *see also High*, 573 S.W.2d at 812.

Counsel has informed this Court that he: (1) has diligently read and reviewed the record and the circumstances of Longoria's revocation, including the hearing at which Longoria entered his plea and the sentencing hearing; (2) believes that there are no arguable grounds to be advanced on appeal; and (3) has forwarded to Longoria a copy of the brief along with a letter informing Longoria of his right to review the record and to file a pro se brief. *See Anders*, 386 U.S. at 744-45; *see also Stafford v. State*, 813 S.W.2d 503, 509 (Tex. Crim. App. 1991); *High*, 573 S.W.2d at 813.

**B.    Independent Review**

The United States Supreme Court has advised appellate courts that upon receiving a "frivolous appeal" brief, they must conduct a "full examination of all the proceedings to determine whether the case is wholly frivolous." *Penson v. Ohio*, 488 U.S. 75, 80 (1988); *Ybarra v. State*, 93 S.W.3d 922, 926 (Tex. App.–Corpus Christi 2003, no pet.). Accordingly, we have carefully reviewed the record and have found nothing that would arguably support an appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 826 (Tex. Crim. App. 2005); *Stafford*, 813 S.W.2d at 509. We agree with counsel that the appeal is wholly

3

frivolous and without merit. *See Bledsoe*, 178 S.W.3d at 827-28 ("Due to the nature of *Anders* briefs, by indicating in the opinion that it considered the issues raised in the briefs and reviewed the record for reversible error but found none, the court of appeals met the requirements of Texas Rule of Appellate Procedure 47.1.").

## II.   CONCLUSION

The judgments of the trial court are affirmed. We order counsel to notify appellant of the disposition of this appeal and the availability of discretionary review. *See Ex parte Wilson*, 956 S.W.2d 25, 27 (Tex. Crim. App. 1997) (per curiam). Counsel has filed a motion to withdraw from further representation of Longoria on appeal. Counsel's motion to withdraw is granted. *See In re Schulman*, 252 S.W.3d 403, 410 (Tex. Crim. App. 2008).

_____
GINA M. BENAVIDES,
Justice

Do not publish.
See TEX. R. APP. P. 47.2(b)

Memorandum Opinion delivered and
filed this the 30th day of December, 2008.

4