NUMBER 13-08-00316-CV



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG


 


IN THE INTEREST OF M.P.O. AND J.M.B., CHILDREN


 


On appeal from the County Court at Law No. 1 


of Calhoun County, Texas.


 


MEMORANDUM OPINION



Before Justices Rodriguez, Garza, and Vela 


Memorandum Opinion by Justice Rodriguez



 This is an accelerated appeal from an order terminating the parental rights of
appellant, the biological mother of M.P.O. and J.M.B., children. We affirm.

 At the conclusion of a jury trial, the jury found by clear and convincing evidence that
appellant committed one or more of the specified acts or omissions set out in section
161.001 of the Texas Family Code and that it was in the best interest of M.P.O. and J.M.B.
to terminate the parent-child relationships between the children and appellant. See Tex.
Fam. Code Ann. § 161.001(Vernon Supp. 2008). A decree to that effect was entered by
the court, and this appeal ensued. (1)

I. Compliance with Anders v. California Appellant's court-appointed counsel filed an Anders brief in which he has found no
reversible error reflected by the record and is of the professional opinion that the appeal
is without merit and frivolous. See Anders v. California, 386 U.S. 738, 744 (1967). The
procedures set forth in Anders are applicable to an appeal of the termination of parental
rights when an appointed attorney concludes that there are no non-frivolous issues to
assert on appeal. See In re K.D., 127 S.W.3d 66, 67 (Tex. App.-Houston [1st Dist.] 2003,
no pet.); Porter v. Tex. Dep't of Protective & Regulatory Servs., 105 S.W.3d 52, 56 (Tex.
App.-Corpus Christi 2003, no pet.). Appellant's brief meets the requirements of Anders. 
386 U.S. at 744-45; see High v. State, 573 S.W.2d 807, 812 (Tex. Crim. App. [Panel Op.]
1978). In compliance with Anders, counsel presented a professional evaluation of the
record and raised and reviewed sixteen issues regarding the legal and factual sufficiency
of the evidence as possible grounds for our review, thereby referring this Court to what, in
his opinion, are all issues which might arguably support an appeal. See Anders, 386 U.S.
at 744; Currie v. State, 516 S.W.2d 684, 684 (Tex. Crim. App. 1974); see also High, 573
S.W.2d at 812.

 Counsel has informed this Court that: (1) he has examined the record and
applicable authorities and finds no grounds for appeal; (2) he set forth issues which might
arguably support an appeal; (3) he forwarded a copy of the brief to appellant with a letter
informing her of the filing of the brief and his request to withdraw as counsel; and (4) he
informed appellant of her right to review the record and to file a pro se brief. See Anders,
386 U.S. at 744-45; see also Stafford v. State, 813 S.W.2d 503, 509 (Tex. Crim. App.
1991) (en banc); High, 573 S.W.2d at 813. Counsel has also informed this Court that he
forwarded a copy of the reporter's record to appellant and, because he did not have a copy
of the clerk's record, provided appellant with contact information so that she could request
a copy from the Calhoun County Clerk's Office. More than thirty days have passed, and
no pro se brief has been filed.II. Independent Review

 Upon receiving a "frivolous appeal" brief, we must conduct "a full examination of all
the proceedings to decide whether the case is wholly frivolous." Penson v. Ohio, 488 U.S.
75, 80 (1988); see Ybarra v. State, 93 S.W.3d 922, 926 (Tex. App.-Corpus Christi 2003,
no pet.). Accordingly, we have carefully reviewed the record for reversible error and have
considered the issues raised in appellant's Anders brief. We have found nothing that
would arguably support an appeal. See Bledsoe v. State, 178 S.W.3d 824, 826 (Tex.
Crim. App. 2005); Stafford, 813 S.W.2d at 509. We agree with counsel that the appeal is
wholly frivolous and without merit. See Bledsoe, 178 S.W.3d at 827-28 ("Due to the nature
of Anders briefs, by indicating in the opinion that it considered the issues raised in the
briefs and reviewed the record for reversible error but found none, the court of appeals met
the requirements of Texas Rule of Appellate Procedure 47.1.").

III. Conclusion The judgment of the trial court is affirmed. Additionally, in accordance with Anders,
appellant's counsel has asked permission to withdraw as counsel for appellant. See
Anders, 386 U.S. at 744. We grant counsel's request to withdraw. We further order
counsel to notify appellant of the disposition of this appeal and of the availability of
discretionary review. See In re K.D., 127 S.W.2d at 68 n.3 (citing Ex parte Wilson, 956
S.W.2d 25, 27 (Tex. Crim. App. 1997) (en banc) (per curiam)).



 NELDA V. RODRIGUEZ

 Justice


Memorandum Opinion delivered and 

filed this 8th day of January, 2009.

1. The parental rights of the children's reported father were also terminated. He, however, is not a party
to this appeal.